Timothy Lamar Trawick was convicted of two counts of rape in the first degree and two counts of sodomy in the first degree. He was sentenced to life imprisonment without parole as a habitual offender. Two issues are raised on appeal.
 I
Sheriff's Deputy Walter Ford was properly permitted to testify that he observed the defendant's bedroom and that the room was "un-neat" and "untidy." The deputy's opinion was merely a statement of "collective fact" or a "shorthand rendition of fact." Murrell v. State, 377 So.2d 1102, 1106
(Ala.Cr.App.), cert. denied, Ex parte Murrell, 377 So.2d 1108
(Ala. 1979). See also Lynn v. State [4 Div. 698, March 10, 1987] (Ala.Cr.App. 1987) (state investigator properly permitted to testify that rooms in victim's house were "ransacked").
 II
Any error in the refusal of written requested charges number 11 and number 12 has not been preserved for review.
In a "charge conference" held before the closing arguments of the attorneys and the oral instructions of the trial judge to the jury, defense counsel objected to the judge's action in refusing some of his written requested charges. Counsel renewed his objections after the jury had been instructed. However, with regard to charges 11 and 12, counsel failed to state the grounds of his objections.
Temporary Rule 14, A.R.Cr.P., provides the method for objecting to the court's failure to give a written instruction. It requires that counsel must state "the matter to which he objects and the grounds of his objection." (Emphasis added.) Any error in the judge's failure to give these two written requested charges has not been preserved for review because counsel failed to state the grounds of his objections. Matkinsv. State, 497 So.2d 201, 202 (Ala. 1986) ("We hold that the proper procedure for objecting to the court's oral charge under Rule 14 [A.R.Crim.P.] and Rule 51 [A.R.Civ.P.] is to state the matter to which the party objects and the grounds of his objection.").
We note that, while defense counsel did orally request that one charge be corrected, both charges as written contain improper statements of the legal principle applicable to this case.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.