ON REMAND FROM THE ALABAMA SUPREME COURT
PATTERSON, Judge.
We reversed Timothy Orlando Rainey’s conviction for trafficking in cocaine and entered a judgment for him, holding that the arresting officers exceeded the permissible limits of an investigatory stop permitted under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and that the cocaine seized as a result of that stop should have been suppressed. The Alabama Supreme Court, 575 So.2d 607 (Ala.1990), granted the state’s petition for writ of certiorari and reversed our judgment and remanded the case to us on the authority of its opinion in the companion case of Dalton v. State, 575 So.2d 599 (Ala.1990). In doing so, the Supreme Court held that the police officers did not exceed the permissible limits for a Terry stop.
We now address the other issues raised by appellant on appeal. We find that the airport investigatory stop of appellant was supported by a reasonable and articulable suspicion that he was engaged in criminal activity and, therefore, that it constituted a valid Terry-type stop. This case is factually identical to the companion case of Dalton v. State, 575 So.2d 599 (Ala.Cr.App.1989), reversed, 575 So.2d 603 (Ala.), on remand, 575 So.2d 609 (Ala.Cr.App.1990), and involves the same legal principles. We also find, in accordance with the opinion of the Supreme Court, that the length of the detention was reasonable and lasted no longer than was necessary to effectuate the purposes of the dentention.
*609 After the narcotic-detecting dogs “alerted” on the black piece of luggage, a search warrant was obtained, and a search of the bag revealed 1,416.7 grams of cocaine. Appellant attacks the validity of the search warrant. We find that the affidavit supporting the issuance of the search warrant was sufficient to establish probable cause, and we find no fault with the warrant itself. Contrary to appellant’s claims, an examination of the record pertaining to the search warrant does not show that it was based on an affidavit containing intentional or recklessly made material falsehoods. The affidavit discloses that the issuing magistrate had the facts before him. While the affidavit and search warrant are not models of perfection and the forms used were not particularly designed for luggage searches, they were sufficient in this case. The “alerting” of the dog to the black bag constituted probable cause for a search. The search was conducted pursuant to a valid search warrant based on probable cause. The denial of appellant’s motion to suppress the cocaine was proper, as was the admission of the cocaine into evidence.
Appellant contends that the trial court erred in denying his motion for a judgment of acquittal made at the conclusion of the state’s case-in-chief on the ground that the state failed to prove a prima facie ease. He argues, particularly, that the state failed to prove that he knowingly possessed the cocaine.
Appellant is charged with the offense of trafficking in cocaine, in violation of § 20-2-80(2), Code of Alabama 1975, which reads as follows:
“Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine or of any mixture containing cocaine, described in section 20-2-25(1), is guilty of a felony, which felony shall be known as ‘trafficking in cocaine.’ ”
Constructive possession requires a showing of actual or potential control, intention to exercise dominion, and external manifestations of intent and control. Korreckt v. State, 507 So.2d 558 (Ala.Cr.App.1986). Reviewing the evidence presented by the state in this case in the light most favorable to the state, as we must, Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979), we' conclude that it was sufficient to allow the jury to exclude every reasonable hypothesis except that of guilt of trafficking in cocaine by the appellant beyond a reasonable doubt. Appellant’s conduct, coupled with his possession of the key to the locked piece of luggage containing the cocaine, is strong evidence of constructive possession of the cocaine. The denial of the motion for judgment of acquittal was proper. The case was properly submitted to the jury.
Last, appellant claims that the court erred in refusing to give his requested written jury instructions numbered 1, 3, 4, 6, 7, and 9. Appellant did not comply with A.R.Crim.P.Temp. 14, which requires a party to state grounds for his objection to the court’s failure to give requested instructions. The failure to state grounds precludes review on appeal. Trawick v. State, 512 So.2d 818 (Ala.Cr.App.1987).
The judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.