*610 ON REMAND FROM THE ALABAMA SUPREME COURT
PATTERSON, Judge.
We reversed and rendered Linda S. Dalton’s conviction for trafficking in cocaine and rendered a judgment for her, holding that the arresting officers exceeded the permissible limits of an investigatory stop permitted under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and that the cocaine seized should have been suppressed. The Alabama Supreme Court granted the state’s petition for writ of cer-tiorari and reversed this court’s judgment, holding that the officers did not exceed the permissible limits for a Terry stop. The Court remanded the case to us for further proceedings consistent with its opinion. 575 So.2d 603.
We now address the other issues raised on appeal. The first question to be decided is whether the investigatory stop was based upon reasonable suspicion. A brief non-border airport investigatory stop is permissible if “supported by a reasonable and articulable suspicion that the person seized is engaged in criminal activity.” Reid v. Georgia, 448 U.S. 438, 440, 100 S.Ct. 2752, 2753, 65 L.Ed.2d 890 (1980). We have reviewed the facts and circumstances surrounding the investigatory stop in the instant case, and we conclude that the officers’ actions in stopping Dalton were supported by a reasonable and articu-lable suspicion that she was engaged in criminal activity. We reach this conclusion after having considered the police reports of the activities of Dalton and her traveling companion, Timothy Rainey, at the Fort Lauderdale and Memphis airports and, particularly, their suspicious behavior at the Huntsville airport. Dalton’s and Rainey’s activities fit what has come to be commonly known as a “drug courier profile.” We note also that some facts concerning the activities of Dalton and Rainey were verified by the Huntsville police prior to their arrival, i.e., the fact that they had checked baggage, their flight number, and their seating arrangements. We hold that the police had reason, under the facts, to effect a Terry stop, and we also hold, as did our supreme court, that the detention lasted no longer than was necessary to effectuate the purposes of the stop.
*611 After the dogs had “alerted” on the black piece of luggage, the officers obtained a search warrant to search the bag and, upon doing so, found 1,416.7 grams of cocaine. Appellant denied ownership or knowledge of the contents of the bag. Her companion, Rainey, had the claim check for the bag and had the keys. Appellant claimed that she had picked the bag up at the carousel on instructions from Rainey. Only those persons whose own Fourth Amendment rights may have been violated have standing to challenge the legality of a search and seizure, and the burden of showing that his rights were violated rests on the person who is seeking to suppress the evidence obtained in the search. Ex parte Cochran, 500 So.2d 1179 (Ala.1985) (citing Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)).[1] In the instant case, we find that appellant failed to meet the burden of showing that her Fourth Amendment rights had been violated by the search of the black bag and the seizure of the cocaine. The facts show that she had no expectation of privacy in the piece of luggage which contained the contraband. The trial court’s denial of her motion to suppress was correct, and the admission of the cocaine into evidence was proper.
Assuming, arguendo, that appellant had established an expectation of privacy in the piece of luggage containing the cocaine, the search of the bag and the seizure of the cocaine were legal because they were done pursuant to a valid search warrant. Contrary to appellant’s contentions, we find that the affidavit supporting the issuance of the search warrant was sufficient to establish probable cause, and we find no fault with the warrant itself. The attorney general mentions in his brief that the affidavit and the search warrant were not introduced in the trial court and are, therefore, not a part of the record on appeal. The attorney general is correct as to the affidavit; however, the search warrant was admitted and is in the record. The search warrant and affidavit were admitted in Rai-ney’s trial and are in the record of that trial, which is on appeal in this court. We take judicial notice of them for purposes of this appeal.
While appellant does not question the sufficiency of the evidence to support her conviction on appeal, we, nevertheless, note that there was strong evidence that appellant and Rainey were engaged in a joint enterprise of trafficking in cocaine.
For the above reasons, the judgment of the Circuit Court of Madison County is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.

. It has been noted that the prosecution must raise a challenge to standing at the trial level. See Nineteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1988-1989, 78 Geo.L.J. 699, 839 n. 688 (1990). However, see Collier v. State, 413 So.2d 396 (Ala.Cr.App.1981), aff'd, 413 So.2d 403 (Ala.1982) (as further commented on in Ex parte Williams, 571 So.2d 987 (AIa.1990)).