Jerald Sanders was convicted on April 10, 1996, of burglary in the first degree, a violation of § 13A-7-5, Ala. Code 1975. His sentence was enhanced to life imprisonment without parole, pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975 ("HFOA"), because he had had five prior convictions. On direct appeal, the Court of Criminal Appeals, on November 22, 1996, affirmed his conviction and sentence, without an opinion. Sanders v. State (No. CR-95-1542),698 So.2d 801 (Ala.Crim.App. 1996) (table).
Sanders petitioned the Mobile Circuit Court for postconviction relief pursuant to Rule 32, Ala.R.Crim.P. The circuit court *Page 1089 
denied the petition. The Court of Criminal Appeals, on December 18, 1998, without an opinion, affirmed the judgment denying postconviction relief.Sanders v. State (No. CR-97-1776), 774 So.2d 961 (Ala.Crim.App. 1998) (table). We granted Sanders's petition for certiorari review to consider his argument that his sentence of life imprisonment without parole is grossly disproportionate to the crime he committed — stealing a bicycle — and therefore constitutes cruel and unusual punishment and thus violates the Eighth Amendment to the United States Constitution. We affirm.
The record indicates that Sanders used a pocketknife to cut a hole in a front-porch screen at a residence, took a bicycle stored on the porch, and rode away on it. The victim was at home at the time and saw Sanders cut her porch screen and take her bicycle. A month later, police officers stopped Sanders as he rode a bicycle through the same neighborhood.[1]
As the officers were placing Sanders in a patrol car, the owner of the bicycle happened to pass by; she saw Sanders and identified him as the person who had stolen her bicycle. Sanders was indicted in July 1994 for third-degree burglary, a Class C felony (§ 13A-7-7). At that time, Chris Galanos was the Mobile County district attorney. He held that position through August 1994, and in September 1994 he became a Mobile County circuit judge. Sanders's case was initially nol-prossed, but he was reindicted in September 1994. The case was assigned to Judge Galanos. When Judge Galanos refused to recuse himself from the case, Sanders filed a pro se petition for a writ of mandamus directing Judge Galanos to recuse himself. The Court of Criminal Appeals granted his petition and issued the writ. See Ex parte Sanders, 659 So.2d 1036
(Ala.Crim.App. 1995). The case was reassigned, and, thereafter, Sanders was reindicted for, and was convicted of, first-degree burglary, a Class A felony.
Because Sanders had had prior felony convictions, he was subject to the provisions of the HFOA. He had previously been convicted once for first-degree receiving stolen property and four times for third-degree burglary. At the time of Sanders's crime and his conviction, the HFOA provided, in pertinent part:
 "(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows:
 "(1) On conviction of a Class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years;
 "(2) On conviction of a Class B felony, he must be punished for life in the penitentiary;
 "(3) On conviction of a Class A felony, he must be punished by imprisonment for life without parole."
(Emphasis added.) In addition to first-degree burglary, other Class A felonies include murder, § 13A-6-2; first-degree kidnapping, §13A-6-43; first-degree rape, § 13A-6-61; first-degree sodomy, §13A-6-63; first-degree arson, § 13A-7-41; first-degree robbery, § 13A-8-41; and treason, § 13A-11-2. None of Sanders's prior convictions was for a Class A felony. Thus, Sanders has been sentenced to prison for the remainder of his life, without the possibility of parole, for a string of offenses, none of which involved violent acts, that culminated in a Class A felony of *Page 1090 
first-degree burglary, albeit stealing a bicycle that he says was valued at $16.[2]
Sanders contends that the Court of Criminal Appeals' decision conflicts with Solem v. Helm, 463 U.S. 277 (1983), in which the Supreme Court reversed a sentence of life imprisonment without parole imposed upon a defendant convicted of a nonviolent property crime because, the Court said, the sentence violated the proportionate-sentencing requirements of the Eighth and Fourteenth Amendments to the United States Constitution. Sanders also contends that the Court of Criminal Appeals' decision conflicts with McLester v. State, 460 So.2d 870 (Ala.Crim.App. 1984), in which the Court of Criminal Appeals held that the HFOA is constitutional because, the court said, "[I]t is virtually inconceivable under the Alabama [HFOA] that a defendant convicted of a nonviolent crime would receive a mandatory sentence of life without parole." 460 So.2d at 873-74 n. 3. Finally, Sanders contends that this case presents a question of first impression in Alabama because, he says, this Court has not addressed the constitutionality of the HFOA when applied to impose a sentence of life imprisonment without parole upon a defendant convicted of stealing a bicycle who has no history of violent crimes.
In its unpublished memorandum affirming the order denying Sanders's Rule 32 petition, the Court of Criminal Appeals did not address his proportionality argument because, the court said, Sanders had failed to raise a proportionality issue on direct appeal and he was therefore precluded from Rule 32 relief based on that issue. See Rule 32.2(a)(5), Ala.R.Crim.P. Sanders argues that he is challenging the propriety of an illegal sentence, one that he says could not constitutionally be imposed, and that procedural requirements therefore do not bar appellate review of his claim, citing McClintock v. State, 773 So.2d 1057
(Ala.Crim.App. 2000) (because defendant had not yet received a sentencing hearing at which the proper number of prior convictions were considered for HFOA-enhancement purposes, his Rule 32 claim that his sentence was illegal was not procedurally barred); and Dobbins v. State,716 So.2d 231 (Ala.Crim.App. 1997) (procedural bar and timeliness rules do not apply where a Rule 32 petitioner is claiming that he was improperly sentenced under the HFOA). The State argues that because Sanders's sentence was authorized by the HFOA, it was not illegal and, therefore, that his claim does not challenge the trial court's jurisdiction to enter the sentence.
We must agree with the State that the issue is procedurally barred. Sanders is required by Rule 32 to state a proper ground for postconviction relief under Rule 32.1, but he also must avoid the preclusive effects of Rule 32.2 that bar a defendant from presenting in a Rule 32 petition a claim that could have been raised at trial or on direct appeal.
Rule 32.1 states, in pertinent part:
 "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original *Page 1091 
conviction to secure appropriate relief on the ground that:
 "(a) The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.
 "(b) The court was without jurisdiction to render judgment or to impose sentence."
Rule 32.2 states, in pertinent part:
 "(a) Preclusion of grounds. A petitioner will not be given relief under this rule based upon any ground:
 "(1) Which may still be raised on direct appeal under the Alabama Rules of Appellate Procedure or by post-trial motion under Rule 24; or
 "(2) Which was raised or addressed at trial; or
 "(3) Which could have been but was not raised at trial, unless the ground for relief arises under Rule 32.1(b); or
 "(4) Which was raised or addressed on appeal or in any previous collateral proceeding; or
 "(5) Which could have been but was not raised on appeal, unless the ground for relief arises under Rule 32.1(b)."
Sanders argues, essentially, that his claim raises a jurisdictional issue and thus is not subject to the procedural bars of Rule 32. On the surface, that argument appears to have merit. For example, the Court of Criminal Appeals has held that "[w]hether a sentence is excessive . . . is a jurisdictional issue" that is not precluded by the limitations period of Rule 32, by the rule against successive petitions, or by Rule 32.2(a)(3). Jones v. State, 724 So.2d 75, 76 (Ala.Crim.App. 1998). A closer reading of Jones reveals that the Court of Criminal Appeals concluded that Jones's Rule 32 petition was not procedurally barred because his 30-year sentence for first-degree sexual abuse exceeded that allowed by law. The statute under which he was convicted, § 13A-5-6, authorized a maximum sentence of 10 years and Jones did not have any prior convictions that could be used to enhance his sentence under the HFOA. Therefore, the Court of Criminal Appeals remanded the case for the trial court to resentence Jones in accordance with § 13A-5-6.
Upon further review of Sanders's claim, we find it clearly different from Jones's claims. Sanders argues that his sentence is disproportionate to the crime for which he was convicted and therefore is excessive, even though the trial court was not only authorized, but was compelled by § 13A-5-9(c)(3) as it then read, to sentence him to life imprisonment without parole. That is a constitutional claim, Rule 32.1(a), not a jurisdictional claim, Rule 32.1(b). Both this Court and the Court of Criminal Appeals have held that constitutional claims that are, or that could have been, raised on appeal are subject to the procedural bars set forth in Rule 32.2. See, e.g., Ex parte Pierce, [Ms. 1981270, September 1, 2000] ___ So.2d ___ (Ala. 2000); Tarver v. State,761 So.2d 266, dismissal of postconviction relief aff'd,769 So.2d 338 (Ala.Crim.App.), cert. denied,529 U.S. 1063, 120 S.Ct. 1669 (2000). Sanders's claim is procedurally barred.
We recognize that the application of the HFOA in Sanders's case has produced what many might consider a harsh result. In his petition, Sanders also argues that the HFOA exposes the State to *Page 1092 
tremendous expenses for incarcerating prisoners for life based upon their commission of a pattern of criminal wrongdoing, and he argues that these expenses are unreasonable when some of the wrongdoing involves, in his terms, "nonviolent offenses and minor felonies." This argument is more appropriately addressed to the Legislature; indeed, the Legislature has amended the HFOA to allow trial courts some discretion in cases such as this. See note 2. If the Legislature had so chosen, it could have made its HFOA amendment retroactive; it did not do so. Other forms of relief that might be available to Sanders, such as relief from the Board of Pardons and Paroles, are also properly within the province of the Legislature.
Sanders raised other issues in his petition for the writ of certiorari; however, those issues either were also precluded from review by Rule 32 or they did not state a proper ground for certiorari review, and we do not address them further.
AFFIRMED.
Houston, See, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
Brown, J., recuses herself.*
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.
[1] The record does not indicate why the officers stopped Sanders.
[2] Section 13A-5-9(c)(3) has been amended and a subpart (4) has been added, effective May 25, 2000, to read:
 "(3) On conviction of a Class A felony, where the defendant has no prior convictions for any Class A felony, he or she must be punished by imprisonment for life or life without the possibility of parole, in the discretion of the trial court.
 "(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole."