WISE, Judge.
The appellant, Scott Thomas Warwick, appeals from the circuit court’s revocation of his probation. Warwick’s appointed counsel has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel stated that his review of the record revealed no error had occurred in the circuit court’s revocation of Warwick’s probation. This Court issued an order on April 29, 2002, informing Warwick that his counsel had filed an Anders brief and ordering him to file with the Court any issues he believed to be worthy of review. *833 Thereafter, on May 15, 2002, Warwick filed a pro se letter brief, in which he alleged that the circuit court had failed to follow the requirements of Rules 27.5 and 27.6, Ala.R.Crim.P. Specifically, Warwick alleged that the court had not furnished him with a copy of the alleged violations and that it had not informed him of his right to request that he be represented by counsel.
Initially, we note that the record reveals some irregularities regarding Warwick’s sentence. Warwick was charged with one count of first-degree burglary and one count of first-degree theft. At some point, Warwick applied for treatment as a youthful offender; a hearing on his application was scheduled for April 24, 2001. However, on April 24, 2001, as part of what appears to be a negotiated plea agreement, Warwick pleaded guilty to both charges. The circuit court’s judgment entry set out Warwick’s guilty pleas and sentenced him to 20 years’ imprisonment for each conviction, those sentences to run concurrently. The court then suspended the sentences and imposed a five-year “reverse-split” sentence for each conviction, pursuant to which Warwick’s sentences would be suspended if he successfully completed boot camp and two years of supervised probation. The entry further stated that the court was withholding its ruling on Warwick’s request for youthful-offender treatment; if Warwick successfully completed boot camp, the court would grant his request to be treated as a youthful offender. The entry also required Warwick to enlist in the military following boot camp.[1]
On September 27, 2001, the circuit court entered an order granting Warwick’s application for youthful-offender status and released him on Level I supervised probation. However, the circuit court neglected to modify Warwick’s sentences to comply with the Youthful Offender Act. See § 15-19-6, Ala. Code 1975.
On January 23, 2002, Warwick submitted to a routine drug screening conducted as part of his probation. He tested positive for marijuana, thus violating a condition of his probation. Warwick’s probation officer filed a notice of probation violations, listing a number of violations including the positive drug test. An initial hearing was set for January 31, 2002, to advise Warwick of the alleged violations. At the hearing, the circuit court advised Warwick of the violations. The court noted:
“All right, Mr. Warwick, I’ve got you here this morning to read you notice of some alleged probation violations. I’m going to read these to you. If you admit them, and if you say they are true, then I’ll have to decide whether to revoke your probation or not revoke your probation. If what I read you is not true, then all you have to do is say I deny, then I’ll appoint a lawyer, then we’ll set a hearing later.”
After being advised of the violations, Warwick admitted each violation. He attempted to offer an explanation for the violations. The court did not find Warwick’s explanations to be credible, and it revoked his probation and reinstated the original five-year prison sentence. The court also stated that, because Warwick had failed to enlist in the military, as he had agreed to do pursuant to his guilty-plea agreement, the court was reversing its grant of youthful-offender treatment.
Although Warwick’s contentions of error are without merit, we are nevertheless required to reverse the circuit court’s revocation of his probation, based on the fact that Warwick’s sentence ex- *834 ceeded the maximum sentence authorized by law for a defendant sentenced pursuant to the Youthful Offender Act. A trial court does not have jurisdiction to impose a sentence not provided for by statute. “Matters concerning unauthorized sentences are jurisdictional,” Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994); therefore, this Court may take notice of an illegal sentence, even though Warwick did not raise the issue in the trial court or in his brief on appeal. See, e.g., McCall v. State, 794 So.2d 1243 (Ala.Crim.App.2000); Pender v. State, 740 So.2d 482 (Ala.Crim.App.1999). By virtue of the split sentence imposed on April 24, 2001, the circuit court retained jurisdiction to further modify Warwick’s sentence and to grant him youthful-offender status. See generally Hollis v. State, 845 So.2d 5 (Ala.Crim.App.2002). However, once the circuit court granted Warwick’s request for youthful-offender status, his original sentence became illegal because the original five-year sentence exceeded the maximum sentence allowed under the Youthful Offender Act, § 15-19-6, Ala.Code 1975. See, e.g., Ferguson v. State, 565 So.2d 1172, 1173 (Ala.Crim.App.1990) (a court exceeds its jurisdiction when it imposes a sentence in excess of that authorized by statute, and the sentence is void). Because the circuit court failed to resentence Warwick in accordance with the provisions of the Youthful Offender Act and because his original sentence had been voided by the grant of youthful-offender status, every proceeding the court undertook after September 27, 2001, was void, including the court’s attempt to reverse its original grant of youthful-offender status[2] and its revocation of Warwick’s probation.
Based on the foregoing, we reverse the judgment of the circuit court revoking Warwick’s probation and remand this cause to the Montgomery Circuit Court with directions that it resentence Warwick in accordance with the provisions of § 15-19-6, Ala.Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
McMILLAN, p.j., and COBB, BASCHAB, and SHAW, JJ., concur.

. We question whether the circuit court had the authority to require, as part of the plea agreement, that Warwick enlist in the military.

. We question whether the court had jurisdiction to reverse its grant of youthful-offender status, particularly since the court’s action came more than 120 days after it had granted Warwick’s request. We know of no authority that allows a court to revoke youthful-offend-ex status more than 30 days after granting such status. See generally Ex parte Hitt, 778 So.2d 159 (Ala.2000). However, because at that point Warwick's sentence was illegal and any action by the court was void, we need not address the propriety of the court’s actions.