Timothy Lamar Trawick petitions for certiorari review of the affirmance by the Court of Criminal Appeals of the trial court's dismissal of his Rule 32, Ala. R.Crim. P., petition. Trawick alleged in his Rule 32 petition that his sentence had been illegally enhanced under the Habitual Felony Offender Act, § 13A-5-9, Ala. Code 1975 ("the HFOA"). We affirm.
Trawick was convicted in 1986 of two counts of rape in the first degree and two counts of sodomy in the first degree. He was sentenced to life imprisonment under the HFOA based on three prior felony convictions in 1976 for the sale of controlled substances. In July 1987, the Court of Criminal Appeals affirmed Trawick's convictions and sentences,Trawick v. State, 512 So.2d 818 (Ala.Crim.App. 1987), and issued a certificate of judgment. In October 1987, April 1988, and March 2001, Trawick filed petitions for postconviction relief under Rule 32, Ala. R.Crim. P. All three petitions were denied by the trial court; those denials that Trawick appealed were affirmed by the Court of Criminal Appeals.
In November 2001, Trawick filed a fourth Rule 32 petition, alleging, among other things, that his enhanced sentence under the HFOA was illegal because, he argued, prior drug-related felonies could not be used to enhance the sentence for a non-drug-related offense. The trial court denied the petition, and the Court of Criminal Appeals affirmed its judgment in an unpublished memorandum on the basis that the claim was precluded under Rule 32.2(a)(4), 32.2(b), and 32.2(c), Ala. R.Crim. P. Trawick v. State (No. CR-05-1095, June 23, 2006), ___ So.2d ___ (Ala.Crim.App. 2006) (table). Trawick petitions this Court for a writ of certiorari on the grounds that the denial of his fourth Rule 32 petition conflicted with prior caselaw *Page 783 
and that the Rule 32 petition presented an issue of first impression.
Before we consider the merits of Trawick's position, we must first determine whether the Court of Criminals correctly held that the issue raised in the Rule 32 petition was precluded. If so, our inquiry need go no further. The State's brief in this proceeding, which Trawick has not contradicted, states that Trawick raised this same issue — that under the HFOA a felony conviction for a drug-related offense could not be used to enhance a sentence for a non-drug-related offense — in his Rule 32 petition filed in March 2001 ("the third petition"). In its brief the State contends that in the third petition, "Trawick argued that his 1986 convictions of sodomy and rape were due to be set aside on grounds of a defective indictment and excessive sentence." The trial court denied Trawick's third petition, in part, on the basis that "prior felony drug offenses may be used to enhance a sentence under the [HFOA] following a conviction for a felony that was not drug related. Justo v. State, 568 So.2d 312
([Ala.Crim.App.] 1990); Powell v. State, 624 So.2d 220
([Ala.Crim. App.] 1993)." When the trial court dismissed the third petition, Trawick appealed, and the Court of Criminal Appeals affirmed the trial court's dismissal. Trawick did not file an application for rehearing in the Court of Criminal Appeals; thus, he did not file a petition for certiorari review with this Court in response to the decision of the Court of Criminal Appeals affirming the dismissal of his third petition.
Rule 32.2(b), Ala. R.Crim. P., generally precludes a trial court from granting relief in response to a successive Rule 32 petition. Rule 32.2(b) defines a "successive petition" as follows: "If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of the same trial or guilty-plea proceeding shall be treated as successive petitions under this rule." Rule 32.2(b) creates a two-pronged approach to addressing successive petitions. The first inquiry, under Rule 32.2(b), is whether the grounds raised in the successive petition are duplicative, that is, have the same grounds been raised in a prior petition. Under Rule 32.2(b), "[t]he Court shall not grant relief on a successive petition on the same or similar grounds on behalf of the petitioner."
The second prong of Rule 32.2(b) states that "[a] successive petition on different grounds shall be denied" unless one of two exceptions apply. (Emphasis added.) The exception that Trawick attempts to invoke in this case allows the trial court to consider a successive petition when "the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence." Rule 32.2(b), Ala. R.Crim. P. Trawick's claim that his sentence is illegal under the HFOA presents a jurisdictional claim. See, e.g., Ex parte Robey, 920 So.2d 1069, 1071-72
(Ala. 2004) (holding that because multiple punishments for the same offense constitute a sentence that exceeds the maximum allowed by law and an illegal sentence affects the trial court's jurisdiction, "Robey is not barred from asserting in this successive Rule 32 petition the violation of his double-jeopardy rights"); Ex parte Sanders,792 So.2d 1087, 1091 (Ala. 2001) ("'[w]hether a sentence is excessive . . . is a jurisdictional issue' that is not precluded by the limitations period of Rule 32, by the rule against successive petitions, or by Rule 32.2(a)(3)"). However, Trawick's fourth Rule 32 petition asserts a ground Trawick has previously asserted, even if it is a jurisdictional issue. Therefore, the second prong of Rule 32.2(b), which is limited to successive petitions on different grounds, does not apply. *Page 784 
The first prong of Rule 32.2(b) precludes Trawick from reasserting a jurisdictional claim "on the same or similar grounds." Because Trawick's jurisdictional claim is duplicative, the issue having already been raised and adjudicated on its merits by the trial court in his third petition, we do not reach the second prong of Rule 32 containing the jurisdictional exception. Compare Grady v.State, 831 So.2d 646, 648-49 (Ala.Crim.App. 2001) ("[A]lthough this is a successive petition . . . jurisdictional claims are not `precluded by the limitations period or by the rule against successive petitions.' . . . Moreover, from the record before us, Grady did not claim that his sentence wasillegal in his first Rule 32 petition." (emphasis added)). Although our cases have previously stated that jurisdictional claims cannot be precluded as "successive," that exception to Rule 32.2(b) applies only to jurisdictional claims notpreviously raised and adjudicated on the merits.
Because the trial court adjudicated Trawick's jurisdictional claim on the merits in a prior petition, Trawick is precluded from reasserting that jurisdictional claim in a successive petition. Accordingly, the Court of Criminal Appeals properly found that his claim that he had been illegally sentenced under the HFOA was precluded, and that judgment is due to be affirmed.
AFFIRMED.
SEE, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
COBB, C.J., recuses herself.