KELLUM, Judge.
 
 [1]
 

 The appellant, Billy Ray Moore, was convicted of the felony offense of driving under the influence of alcohol (“DUI”), a violation of § 32-5A-191(a)(2) and (h), Ala. Code 1975, and of running a red light, a violation of § 32-5A-32(3)a., Ala.Code 1975.
 
 [2]
 
 The circuit court sentenced Moore to 10 years’ imprisonment for the felony DUI conviction; that sentence was split, and he was ordered to serve 6 months in the Shelby County Community Corrections program, followed by 3 years’ supervised probation. The circuit court ordered Moore to pay a $4,100 fine and $50 to the Crime Victims Compensation Fund as a result of that conviction. The circuit court further sentenced Moore to 10 days in the Shelby County jail for the conviction for running a red light; that sentence was suspended, and Moore was sentenced to 2 years’ supervised probation. The circuit court ordered Moore to pay a $100 fine and $50 to the Crime Victims Compensation Fund as a result of that conviction. This appeal followed.
 

 A detailed recitation of the facts is unnecessary to dispose of this appeal. The record established that on October 4, 2004, a police officer for the City of Alabaster initiated a traffic stop after Moore failed to stop at a red light. Upon approaching Moore’s vehicle, the police officer smelled a strong odor of alcohol coming from Moore’s breath. After failing several field-sobriety tests, Moore was arrested and charged with DUI. Before Moore’s trial, the State submitted certified copies of three Uniform Traffic Tickets and Complaints (“UTTCs”) to the circuit court-all DUI convictions in municipal courts. The jury subsequently found Moore guilty. Over Moore’s objection, the circuit court allowed the State to use the three prior DUI convictions to elevate Moore’s DUI conviction to a felony offense and sentenced him accordingly.
 

 
 *752
 
 The sole issue raised by Moore on appeal is whether the circuit court erred by overruling his objection to the submission of prior DUI convictions from Hoover Municipal Court and Childersburg Municipal Court that were used to enhance his conviction. Specifically, Moore contends that his DUI conviction in Hoover Municipal Court was improperly used to enhance his sentence because, he says, he was subject to a mandatory 48-hour jail sentence upon conviction and there was no evidence indicating that he was represented by counsel or that he had waived his right to counsel. Moore also contends that his DUI conviction in Childersburg Municipal Court could not be used for enhancement purposes because, he says, there was no indication that he was represented by counsel or that he waived his right to counsel.
 

 While Moore’s conviction for felony DUI was pending on appeal, our Supreme Court released
 
 Ex parte Holbert,
 
 4 So.3d 410 (Ala.2008). In
 
 Holbert,
 
 the defendant was arrested in 2005 for DUI. Before the defendant’s trial, the State proffered court records establishing that the defendant had four prior DUI convictions, two of which were municipal-court convictions. The defendant moved to dismiss the indictment, arguing that his municipal convictions did not constitute “prior DUI convictions” because, he said, a municipal DUI conviction was a violation of a municipal ordinance, rather than a violation of § 32-5A-191(h), Ala.Code 1975. 4 So.3d at 411. The circuit court denied Holbert’s motion to dismiss; he was subsequently convicted of felony DUI and was sentenced accordingly. This Court affirmed the judgment of the circuit court, by unpublished memorandum.
 
 Holbert v. State,
 
 19 So.3d 265 (Ala.Crim.App.2007)(table). Our Supreme Court granted certiorari review to address, as a material issue of first impression, “whether a prior in-state DUI conviction in a municipal court can be counted toward the total number of prior DUI convictions necessary to constitute a felony DUI offense as defined in § 32-5A-191(h).”
 
 Holbert,
 
 4 So.3d at 412. Answering that question in the negative, the Supreme Court held that “a DUI conviction in a municipal court does not count toward the total number of prior convictions necessary to constitute a felony DUI offense as defined in subsection (h) because a municipal conviction is not a conviction for violating § 32-5A-191 but merely a conviction
 
 for
 
 violating a municipal ordinance.” 4 So.3d at 412.
 

 In so doing, the Supreme Court noted that its holding was independent of the Alabama Legislature’s 2006 amendment to § 32-5A-191. The amendment to § 32-5A-191 resulted in the former subsection (o) being renumbered as subsection (p), and substituting a new subsection (o). This new subsection, which became effective April 28, 2006, provides:
 

 “A prior conviction within a five-year period for driving under the influence of alcohol or drugs from this state,
 
 a municipality within this state,
 
 or another state or territory or a municipality of another state or territory shall be considered by a court for imposing a sentence pursuant to this section.”
 

 § 32-5A-191(o), Ala.Code 1975 (emphasis added). The Supreme Court concluded that § 32-5A-191(o) was not applicable to the defendant’s case because it became effective after the commission of the offense that led to the defendant’s indictment for felony DUI.
 
 Holbert,
 
 4 So.3d at 412 n. 2.
 

 The implication of the Supreme Court’s decision in
 
 Holbert
 
 is jurisdictional in nature. In
 
 Holbert,
 
 the Supreme Court held that the trial court erred in including Holbert’s municipal convictions in the total number of convictions necessary to consti
 
 *753
 
 tute a felony offense of DUI under § 32-5A-191(h). 4 So.3d at 416. In the instant case, the circuit court sentenced Moore based on the erroneous inclusion of the municipal DUI convictions. Thus, the sentence imposed by the circuit court exceeded the maximum authorized by law. “Matters concerning unauthorized sentences are jurisdictional.”
 
 Hunt v. State,
 
 659 So.2d 998, 999 (Ala.Crim.App.1994). It is well settled that jurisdictional matters are of such magnitude that appellate courts may take notice of them at any time and may do so even
 
 ex mero motu. Nunn v. Baker,
 
 518 So.2d 711 (Ala.1987);
 
 State v. Crittenden,
 
 17 So.3d 253 (Ala.Crim.App. 2009);
 
 State v. Isbell,
 
 955 So.2d 476 (Ala.Crim.App.2006). Therefore, this Court may take notice of an illegal sentence, even though Moore did not raise the issue in the circuit court or in his brief on appeal. See, e.g.,
 
 McCall v. State,
 
 794 So.2d 1243 (Ala.Crim.App.2000);
 
 Pender v. State,
 
 740 So.2d 482 (Ala.Crim.App.1999).
 

 In the instant case, Moore’s traffic offense occurred on October 4, 2004. As in
 
 Halbert,
 
 because § 32-5A-191 had not yet been amended to include convictions from municipalities within the state, Moore’s prior DUI convictions in municipal courts could not be used for the purposes of enhancing his sentence to a felony DUI. It is well settled that the statute in effect at the time a crime is committed governs the prosecution of that offense. See
 
 Minnifield v. State,
 
 941 So.2d 1000, 1001 (Ala.Crim.App.2005)(“the law in effect at the time of the commission of the offense controls the prosecution”); see also
 
 Hardy v. State,
 
 570 So.2d 871 (Ala.Crim.App.1990) (unless otherwise stated in the statute, the law in effect at the time the offense was committed controls the offense). Likewise, “[a] defendant’s sentence is determined by the law in effect at the time of the commission of the offense.”
 
 Davis v. State,
 
 571 So.2d 1287, 1289 (Ala.Crim.App.1990).
 

 Although Moore’s conviction for felony DUI cannot stand, the evidence would support a conviction for misdemeanor DUI; therefore, we affirm Moore’s conviction for misdemeanor DUI and remand this case to the circuit court for that court to sentence Moore for misdemeanor DUI.
 

 AFFIRMED AS TO CONVICTION; REVERSED AND REMANDED AS TO SENTENCING.
 

 WISE, P.J., and WELCH, WTNDOM, and MAIN, JJ., concur.
 

 [1]
 

 . This case was originally assigned to another judge on the Court of Criminal Appeals; it was reassigned to Judge Kellum on January 20, 2009.
 

 [2]
 

 . Moore was also convicted of failing to provide proof of insurance, a violation of § 32-7A-16, Ala.Code 1975; however, he did not appeal from that conviction.