66 So.3d 283 (2010)
David Christopher MAYE
v.
STATE of Alabama.
CR-09-1547.
Court of Criminal Appeals of Alabama.
December 17, 2010.
Leonard F. Mikul, Bay Minette, for appellant.
Submitted on appellant's brief only.
KELLUM, Judge.
The appellant, David Christopher Maye, appeals from the circuit court's revocation of his probation. The record indicates that Maye was convicted of the unlawful distribution of a controlled substance, a violation of § 13A-12-211, Ala.Code 1975. The record does not contain details of Maye's sentence; however, the record does indicate that Maye was sentenced to eight years' imprisonment and was placed on supervised probation in 2008.
While on probation, Maye violated the terms and conditions of his probation. Maye was subsequently arrested, and on October 7, 2009, he was given notice that he violated the terms and conditions of his probation by failing to pay court-ordered moneys, failing to appear in court in April 2009 and June 2009, failing to enter and complete a treatment program, failing to meet with the court-referral officer, failing to report to his probation officer, and failing to pay supervision fees. While out on bond, Maye was arrested again for alleged probation violations. On June 2, 2010, the circuit court notified Maye that, in addition to the violations alleged in October 2009, Maye had violated the terms and conditions of his probation by failing to do *284 submit to drug screens and by failing to appear in court in January 2010 for his revocation proceedings.
The circuit court conducted a probation-revocation hearing on June 30, 2010. At the probation-revocation hearing, Maye admitted to violating the terms and conditions of his probation. Specifically, Maye admitted to the violations as to which he received notice from the circuit court. Based on Maye's admission, the circuit court revoked his probation and ordered that Maye serve the balance of his eight year sentence. In its order, the circuit court specifically stated that Maye was not a "technical violator," for purposes of § 15-22-54, Ala.Code 1975. This appeal followed.
Maye's appointed counsel has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel stated that he had reviewed the record in an attempt to find a viable issue on appeal. However, counsel concluded that after reviewing the record, the applicable statutes, and caselaw, there existed no viable issues on appeal.
This court issued an Anders order on September 23, 2010. Maye has failed to file any additional points or issues for consideration by this Court. We have also reviewed the record in this case and have found no error harmful to Maye's rights.
The dissent, in effect, appears to reweigh the evidence before the circuit court, suggesting that this Court should ex mero motu address the application of § 15-22-54, Ala.Code 1975, as amended effective April 30, 2010, to the particular facts of this case. However, Rule 45B, Ala. R.App. P., states:
"In all cases appealed to the Court of Criminal Appeals, except those in which the death penalty has been imposed, the Court of Criminal Appeals shall consider only questions or issues presented in briefs on appeal."
Our Supreme Court approved Rule 45B, Ala. R.App. P. (effective January 1, 1982), which abolished the "search the record rule" set out in § 12-22-240, Ala.Code 1975, providing that the Court of Criminal Appeals must consider all questions apparent on the record and reserved in the circuit court. See Hoppins v. State, 451 So.2d 365, 365 (Ala.1983). Rule 45B effectively eliminates this Court's obligation to search the record for plain error in cases in which the death penalty was not imposed. The suggestion in the dissent that this Court address an issue not raised by Maye on appeal overlooks Rule 45B. To the extent the dissent attempts to couch the application of the Technical Violator Act as a jurisdictional issue, it would appear to run afoul of the Supreme Court's recent decision in Ex parte Collins, [Ms. 1091310, November 24, 2010] ___ So.3d ___ (Ala.2010), in which the Supreme Court reversed a judgment of this Court based on its determination that this Court impermissibly took notice of a defect not raised by either party on appeal. In any event, Maye is not without options. If at some future point Maye believes that he meets the qualifications set out in § 15-22-54.1, Ala.Code 1975, he may file a petition seeking reconsideration of his sentence based on his status as a technical violator under § 15-22-54(d)(1)f.
Based on the foregoing, the judgement of the circuit court is affirmed.
AFFIRMED.
WINDOM, J., concurs. WISE, P.J., concurs in the result. WELCH, J., concurs in the result, with opinion. MAIN, J., dissents, with opinion.
*285 WELCH, Judge, concurring in the result.
I agree with the Court's decision to affirm the circuit court's revocation of David Christopher Maye's probation and to impose the balance of his eight-year sentence. However, I disagree with the Court's analysis. Therefore, I respectfully concur in only the result.
Section 15-22-54(d)(1)f, Ala.Code 1975, provides:
"f. If the probation violation is a technical violation, defined as a violation of a condition of probation other than the commission of a new offense, an eligible offender may be required to serve a term of not more than 90 days imprisonment in a Department of Corrections facility, which may include participation in the restart program, LIFE-Tech program, or a technical violator program or, if no space is available in a Department of Corrections facility, not more than 90 days in the county jail.
"(2)a. An eligible offender subject to paragraph f. of subdivision (1) is a nonviolent felon serving a probationary sentence who has violated a condition or conditions of probation other than by the commission of a new offense and who has performed the conditions of probation, including remaining current on payment of court ordered money, for a consecutive six-month period."
The record reveals that on October 7, 2009, the circuit court issued an order entitled: "Probation Violation Notice and Commitment to Baldwin County Jail." In that order the circuit court found that "[Maye] owes $2,715.35 failure to pay" among other violations. (C. 4.)
On June 2, 2010, the circuit court issued another order entitled: "Probation Violation Notice and Commitment to Baldwin County Jail." In that order, the circuit court found that "[Maye] owes $2,777.35, has pd. 200.00, failure to pay" among other violations. (C. 6.)
In a probation-revocation hearing held on June 30, 2010, Maye admitted that he had violated the terms and conditions of his probation, including the failure to pay court-ordered monies.
After that admission, the circuit court stated:
"All right. Mr. Maye, I'm going to order that you serve your eight-year sentence in the penitentiary. You are not considered a technical violator. And no measure short of confinement will avoid depreciating the seriousness of the violation."
(R. 7.);(emphasis supplied.)
The record, as reflected in the above quotes, affirmatively shows that the circuit court correctly determined that Maye was not an "eligible offender" as described in § 15-22-54(d)(1)f and 54(d)(2), Ala.Code 1975, because at the time of the hearing Maye had not "performed the conditions of probation, including remaining current on payment of court ordered money, for a consecutive six-month period."
Therefore, the record supports the circuit court's ruling. For that reason, I would affirm.
MAIN, Judge, dissenting.
I respectfully dissent from the main opinion affirming the revocation of David Christopher Maye's probation and the imposition of the balance of his eight-year sentence.
This case was submitted to this Court by the procedure recognized in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellate counsel submitted a brief to this Court indicating that he found no viable issues to raise on *286 appeal and requested to withdraw from his appointed representation of Maye. Maye did not avail himself of the opportunity to file pro se issues for this Court's review. The opinion indicates that the Court has reviewed the record and found no error harmful to Maye's rights.
Section 15-22-54, Ala.Code 1975, provides the statutory framework for the setting of a probationary period, and the revocation thereof, and was recently amended by the Alabama Legislature to limit incarceration in the penitentiary for technical violations of probation. Section 15-22-54(d), as amended effective April 30, 2010, provides, in pertinent part:
"(1) If the defendant violates a condition of probation or suspension of execution of sentence, the court, after a hearing, may implement one or more of the following options:
"a. Continue the existing probation and suspension of execution of sentence.
"b. Issue a formal or informal warning to the probationer that further violations may, subject to paragraph f., result in revocation of probation or suspension of execution of sentence.
"c. Conduct a formal or informal conference with the probationer to reemphasize the necessity of compliance with the conditions of probation.
"d. Modify the conditions of probation or suspension of execution of sentence, which conditions may include the addition of short periods of confinement.
"e. If the violation of probation is the commission of a new offense, revoke the probation or suspension of execution of sentence. If the court revokes probation, it may, after a hearing, impose the sentence that was suspended at the original hearing or any lesser sentence.
"f. If the probation violation is a technical violation, defined as a violation of a condition of probation other than the commission of a new offense, an eligible offender may be required to serve a term of not more than 90 days imprisonment in a Department of Corrections facility, which may include participation in the restart program, LIFETech program, or a technical violator program or, if no space is available in a Department of Corrections facility, not more than 90 days in the county jail.

"(2)a. An eligible offender subject to paragraph f. of subdivision (1) is a nonviolent felon serving a probationary sentence who has violated a condition or conditions of probation other than by the commission of a new offense and who has performed the conditions of probation, including remaining current on payment of court ordered money, for a consecutive six-month period.

"b. Technical violations of conditions of probation shall be subject to the options provided in paragraphs a., b., c, d., and f. of subdivision (1); provided, however, the court may also continue the existing probation and suspension of execution of sentence with the additional condition that the probationer does any of the following:
"1. Participates in a community corrections program.
"2. Participates in a county work release program.
"3. Performs community service.
"4. Undergoes intensive probation supervision.
"5. Participates in a residential or outpatient drug or alcohol treatment program.

*287 "6. Participates and completes a Life Skills Influenced by Freedom and Education Tech (LIFETech) residential program."
(Emphasis added.)
In this case, Maye's probation-revocation hearing was conducted on June 30, 2010, approximately two months after the effective date of the amendment. The circuit court revoked Maye's probation and ordered that he serve the balance of his eight-year sentence based on Maye's admission that he had failed to appear in court three times, had failed to pay court-ordered moneys, had failed to report to his probation officer and court referral officer, had failed to enter and to complete treatment programs, and had failed to do drug screens. The circuit court was aware of the recent amendment to the statute, because the circuit court also made the bare finding, both orally at the revocation hearing and in its order revoking probation, that Maye is not a "technical violator." (C. 2; R. 7.) However, I find no basis in the record for the circuit court's conclusion that Maye is not a technical violator. None of the grounds for revocation contained in the record are based on the commission of a new offense. Further, the record does not establish that Maye is a violent felon or that he failed to perform "the conditions of his probation, including remaining current on the payment of court ordered money, for a consecutive six-month period."[1]
I recognize that Maye did not raise this question, either before the circuit court or before this Court when given an opportunity to file pro se issues. I am aware that, as the main opinion discusses, Rule 45B, Ala.R.App.P., effectively eliminated, in cases in which the death penalty was not imposed, the former statutory requirement that this Court search the record and consider all issued apparent on the record and reserved in the circuit court. However, nothing in Rule 45B, to my knowledge, relieves this Court, in Anders cases, of its obligation to review the record for potentially meritorious issues that were preserved for appellate review or for defects that are not subject to the rules of preservation. Here, if Maye is an eligible offender and his revocation was based on technical violations, the circuit court did not have the authority to order Maye to serve the balance of his eight-year sentence, because the execution of that sentence would be illegal. See § 15-22-54(d)(1)f. (an eligible offender may be required to serve not more than 90 days in a DOC facility); Moore v. State, 40 So.3d 750 (Ala.Crim. App.2009) (taking notice of an illegal sentence even though not raised at trial or on appeal); Glass v. State, 14 So.3d 188, 194 (Ala.Crim.App.2008) (recognizing that the issue of the execution of sentences in a *288 manner outside the statutory range of punishment need not be preserved for appellate review because this Court is "required to notice an illegal sentence and remand to the sentencing court for a proper sentence."); and Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994) ("Matters concerning unauthorized sentences are jurisdictional."). See also Warwick v. State, 843 So.2d 832 (Ala.Crim.App.2002) (sua sponte remanding probation revocation case, submitted via Anders procedure, on the ground that Warwick's sentence was illegal.).
Additionally, I too am aware of the Alabama Supreme Court's recent decision in Ex parte Collins, [Ms. 1091310, November 24, 2010] ___ So.3d ___ (Ala.2010). In Collins v. State, (No. CR-09-0529, May 7, 2010) ___ So.3d ___ (Ala.Crim.App.2010) (table), this Court held that because Collins's petition for a writ of certiorari was not verified as required by § 6-6-640, Ala. Code 1975, no action was commenced in the circuit court, and, therefore, there was nothing before this Court to review. The Alabama Supreme Court reversed this Court's judgment, holding that this Court erred in sua sponte affirming the circuit court's ruling on the basis that the petition was not verified. The Supreme Court stated that verification was "a procedural matter that does not limit the power of the circuit court to adjudicate the petition," rather than a jurisdictional matter. Ex parte Collins, ___ So.3d at ___. In support of this conclusion, the Supreme Court cited its earlier decision in Ex parte Seymour, 946 So.2d 536 (Ala.2006), in which that Court held that a court's "subject-matter jurisdiction concerns a court's power to decide certain types of cases." and "is derived from the Alabama Constitution and the Alabama Code." Ex parte Seymour, 946 So.2d at 538. I do not believe that the Alabama Supreme Court's decisions in Ex parte Seymour or Ex parte Collins were intended to overrule by implication the line of authority that provides that an illegal sentence is a matter that may be sua sponte recognized by an appellate court. That Court has had opportunities to extend the rationale of Seymour to illegal sentences, but it has not yet done so. For example, in Ex parte Trawick, 972 So.2d 782 (Ala.2007), the Alabama Supreme Court, in addressing a procedural bar in Rule 32.2, Ala.R.Crim.P., stated:
"Trawick's claim that his sentence is illegal under the HFOA presents a jurisdictional claim. See, e.g., Ex parte Robey, 920 So.2d 1069, 1071-72 (Ala.2004) (holding that because multiple punishments for the same offense constitute a sentence that exceeds the maximum allowed by law and an illegal sentence affects the trial court's jurisdiction, `Robey is not barred from asserting in this successive Rule 32 petition the violation of his double-jeopardy rights'); Ex parte Sanders, 792 So.2d 1087, 1091 (Ala.2001) (`"[w]nether a sentence is excessive . . . is a jurisdictional issue" that is not precluded by the limitations period of Rule 32, by the rule against successive petitions, or by Rule 32.2(a)(3)')."
972 So.2d at 783. Ex parte Trawick was decided after Ex parte Seymour, and I do not see anything in Ex parte Seymour or in the recently released Ex parte Collins opinion as impacting the propriety of this Court's sua sponte noticing illegal-sentence claims.
It may well be that Maye is not an "eligible offender." However, given that there is no indication in the record that Maye's probation was revoked for something other than a technical violation, that he was not a nonviolent felon, or that he did not perform his obligations, including remaining current on the payment of court-order money, for a consecutive six-month period of time, I believe it premature *289 to attempt to answer that question without first having the parties brief the issue. I recognize that addressing this issue in a case in which I cannot, from the record and lack of argument presently before this Court, state for certain that Maye's rights were violated in his probation revocation is a step onto a slippery slope. However, given that one of the main reasons for the Anders procedure is to provide an indigent appellant the benefit of an advocate to argue potentially meritorious claims, I believe that the record does raise enough of a question that Maye's rights may have been violated. That Maye has another avenue to seek relief by filing a petition seeking retroactive application of the technical-violator provision pursuant to § 15-22-54.1, Ala. Code 1975, does not supersede this Court's review in the present appeal. Thus, I believe that this Court, should, pursuant to the Anders procedure, grant appellate counsel's motion to withdraw, appoint new appellate counsel, and instruct the parties to brief the issue whether the circuit court's imposition of the balance of Maye's eight-year sentence violates § 15-22-54(d)(1)f. For these reasons, I respectfully dissent.
NOTES
[1] The record indicates that Maye's probation order was dated August 25, 2008, and that his underlying conviction was for distribution of a controlled substance. A probation-violation notice and commitment to jail dated October 7, 2009, contains allegations regarding alleged violations occurring in November 2008 and December 2008, but those dates are marked out. (C. 4.) Those earlier dates do not appear on a later probation-violation notice and commitment to jail dated June 2, 2010. (C. 6.) Nor were those earlier dates mentioned at the revocation hearing or relied on by the circuit court as a basis for revoking Maye's probation. Another document indicates that Maye had an appearance date of January 27, 2009, for probation violations, but that date appears to be a typographical error, because other dates on that document refer to Maye's having been arrested on October 2, 2009, and released on November 3, 2009, and the document as having been filed on November 3, 2009 (C. 5); additionally, a number of other documents in the record, and the circuit court at the revocation hearing, refer to Maye's having failed to appear in court on January 27, 2010, rather than 2009.