Pursuant to a negotiated plea agreement, the appellant, Sidney Earl McDuffie II, was convicted of the felony offense of driving under the influence of alcohol (D.U.I.), a violation of §§ 32-5A-191(a) and 32-5A-191(h), Code of Alabama 1975. He was sentenced to 10 years' imprisonment, and was ordered to serve 18 months; the remainder of the term was suspended. This sentence was to run concurrently with the sentence the appellant received for another conviction in Etowah County, to be followed by a term of probation. The appellant was also fined $4,000, plus court costs.
Before entering his plea, the appellant reserved three issues for appellate review.
 I.
The appellant contends that § 32-5A-191(h), Code of Alabama
1975, requires the state to prove a prior "fourth conviction" as an element of the felony offense of D.U.I. for which he was prosecuted. At the time of the appellant's trial, §32-5A-191(h), provided,[1] in pertinent part, as follows: *Page 1119 
 "On a fourth or subsequent conviction within a five-year period, a person convicted of violating this section shall be guilty of a Class C felony and punished by a fine of not less than four thousand dollars ($4,000) nor more than ten thousand dollars ($10,000) and by imprisonment of not less than one year and one day nor more than 10 years."
Specifically, the appellant argues that under the definition of "conviction" as set out in Carroll v. State, 599 So.2d 1253,1267 (Ala.Cr.App. 1992), aff'd, 627 So.2d 874 (Ala. 1993), cert.denied, 510 U.S. 1171, 114 S.Ct. 1207, 127 L.Ed.2d 554 (1994), "there must have been a prior 'judgment' and 'sentence' and 'determination of guilt' as those terms are defined by Rule 26.1(a)(1), (2), and (3), A.R.Crim.P." Therefore, he argues, a fourth D.U.I. conviction cannot exist until after the jury has returned its verdict and the trial judge has adjudged the appellant guilty. Thus, he says, § 32-5A-191(h) states an offense that is impossible to prove.
The appellant misinterprets the language in § 32-5A-191(h). The appellant admitted, as part of the plea colloquy, that he had been convicted of driving under the influence of alcohol three times within the five years preceding this offense. Therefore, "on" (or "upon") this conviction, which was the fourth D.U.I. conviction for the appellant, the trial court correctly adjudged him guilty of a Class C felony. As this Court explained in State v. Parker, [Ms. CR-95-1435, September 26, 1997] ___ So.2d ___ (Ala.Cr.App. 1996) (on rehearing), it is the proof of at least three prior D.U.I. convictions that is an element of the felony offense set out in § 32-5A-191(h), not the fourth or subsequent conviction.
 II.
The appellant also contends that the circuit court lacked jurisdiction over his case because, he says, driving under the influence of alcohol is defined as a "traffic offense" in Title 32. The appellant argues that Rule 2.2(b), Ala.R.Crim.P., which provides, in relevant part, that traffic infractions shall be prosecuted in district court, gives exclusive jurisdiction overall traffic offenses to the district court, because the rule does not distinguish between misdemeanor traffic offenses and felony traffic offenses. He cites as authority for his positionWright v. State, 494 So.2d 177 (Ala.Cr.App. 1986).
The appellant's reliance on Wright is misplaced. That decision was rendered at a time when § 32-5A-191, Code ofAlabama 1975 did not include a felony penalty for driving under the influence. The Court, in Wright, based its decision on §32-5A-3, Code of Alabama 1975, which provided that "unless otherwise declared in this chapter with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this chapter." Therefore, that portion of Wright that held that § 32-5A-191
was a misdemeanor offense because the statute did not specifically set out a felony penalty is no longer applicable; § 32-5A-191 was amended, effective August 20, 1994, to include a felony penalty. See § 32-5A-191(h), Code ofAlabama 1975.[2]
Moreover, because § 32-5A-191, Code of Alabama 1975, now specifically sets out a felony offense, Rule 2.2(a), Ala.R.Crim.P., rather than Rule 2.2(b), is the controlling jurisdictional authority. Rule 2.2(a), Ala.R.Crim.P., provides as follows:
 "All felony charges and misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge shall be prosecuted in circuit court, except that the district court. shall have concurrent jurisdiction to receive guilty pleas and to impose sentences in felony cases not punishable by sentence of death, including related and lesser included misdemeanor charges, and may *Page 1120 
hold preliminary hearings with respect to felony charges."
(Emphasis supplied.) See also § 12-11-30(2), Code of Alabama
1975.
Section 32-5A-191(h), specifically provides for a felony penalty for driving under the influence. Because the appellant was charged with felony D.U.I., he was properly prosecuted in the circuit court. See State v. Parker, supra.
 III.
The appellant further contends that the state should not have been allowed to introduce into evidence two of his prior D.U.I. convictions because, he says, they were convictions for violating a municipal ordinance, rather than convictions for violating § 32-5A-191, Code of Alabama 1975. He argues (1) that the language of § 32-5A-191(h) "refers to three prior violations of that provision as being a pre-requisite to being guilty of felony-DUI" (appellant's brief, p. 8); and (2) that the provisions of a municipal ordinance might not be the same as those in the state statute and thus, the use of any municipal convictions as any of the three prior convictions required by § 32-5A-191(h) would deprive him of proper notice of the charge he was being called upon to defend. We find no merit in these assertions.
Our examination of § 32-5A-191(h) reveals no language requiring that the prior convictions required for that section to be applicable be obtained under § 32-5A-191, as the appellant contends. The appellant admitted that he had had three prior D.U.I. convictions. Two of the convictions were in Gadsden municipal court; one was in Etowah County District Court. A "Uniform Traffic Ticket and Complaint" was issued on each of the appellant's prior D.U.I. offenses. The only difference in the three citations is that the two citations involving municipal convictions list both the municipal ordinance and § 32-5A-191, noting that the municipal ordinance "adopt[ed] Section 32-5A-191, Code of Alabama 1975." Based on the foregoing, the appellant was on notice that he had violated the state's D.U.I. statute, as codified at § 32-5A-191, Code ofAlabama 1975, on three prior occasions.
The judgment of the trial court is therefore affirmed.
AFFIRMED.
LONG, P.J., and McMILLAN and BASCHAB, JJ., concur.
COBB, J., dissents with opinion.
[1] This statute was amended, effective October 1, 1997, to omit the requirement that the fourth or subsequent conviction be within a five-year period and to provide for a fine of not less than $4,100 nor more than $10,100.
[2] We note that the decision in Wright is inapplicable only in cases where the defendant is charged with the felony offense of driving under the influence. This Court's decision in Wright — that the circuit court lacked original jurisdiction to enter a conviction for driving under the influence — remains in force as to defendants charged with the misdemeanor offense of driving under the influence.