James Matthew Hyde was convicted of capital murder for the death of Ernest Andrew Whitten, an Albertville police officer. The murder was made capital (1) because it occurred during a burglary, see § 13A-5-40(a)(4), Ala. Code 1975; (2) because Whitten had served as a grand-jury witness, see § 13A-5-40(a)(14); and (3) because Whitten had been subpoenaed to testify at the trial of Larry Whitehead, see § 13A-5-40(a)(14).[1] By a vote of 7 to 5, the jury recommended a sentence of life in prison without the possibility of parole; however, the trial court overrode that recommendation and sentenced Hyde to death by electrocution. The Court of Criminal Appeals affirmed Hyde's conviction and the sentence of death. Hyde v. State,778 So.2d 199 (Ala.Crim.App. 1998). This Court granted Hyde's petition for the writ of certiorari, pursuant to Rule 39(c), Ala.R.App.P., and heard oral argument. We affirm.
The events leading up to Whitten's murder began with an investigation of Larry Whitehead by the Albertville Police Department. Whitehead had been on the payroll for over 40 weeks at a plant operated by Hudson Foods, Inc., but he had rarely worked at the plant. Instead, Whitehead would skip work and would have a friend clock him in and out. When Hyde was caught clocking out with Whitehead's time card, a Hudson Foods employee contacted the police to report that Whitehead was suspected of receiving pay without working. Whitten conducted the investigation and testified before a grand jury regarding his investigation. Whitehead was indicted for theft in the first degree and was released on bond pending his trial.
Whitten was to testify at Whitehead's trial, which was scheduled to begin on January 30, 1995. The evidence indicates that Whitehead believed the theft case against him would be dismissed if Detective Whitten was unable to testify. To that end, Whitehead enlisted the help of Hyde and a man named Stephen Brookshire. There was evidence indicating that Whitehead used threats and intimidation to control both Hyde and Brookshire.
According to Hyde's statement to the police, Whitehead came to his house on the evening of January 24, 1995, and asked for his help. Hyde and Whitehead then picked up Brookshire and drove to Whitten's house. While Whitehead and Brookshire waited in the car, Hyde entered an enclosed porch and knocked on the kitchen door. When Whitten answered the door, Hyde fired a shot; the bullet passed through the door and struck Whitten in the abdomen. The gun jammed; Hyde ran back to the car, and the three men left. Whitten died the next day from injuries he had sustained in the shooting.
On the night of the shooting, Hyde asked Tammy Chamblee and Sabrina Self to help him dispose of the clothes he had been wearing at the time of the shooting. The next day Tammy Chamblee contacted the police and told them about helping Hyde dispose of the clothes. According to *Page 239 
Chamblee and Self, Hyde told them he had shot someone to help a friend. Chamblee stated that Hyde told her he had shot "Andy Whitten, a cop."
Hyde has raised 24 issues, including numerous subissues, for this Court to review. The opinion of the Court of Criminals Appeals thoroughly addressed all of these issues and the facts of the case.[2]
Because this case involves the death penalty, we have reviewed the record for any "error [that] has or probably has adversely affected the substantial rights" of the defendant. Rule 39(k), Ala.R.App.P.. Having carefully considered the record, together with the petition, the briefs, and the arguments of counsel, we find no error, plain or otherwise, in either the guilt phase or the penalty phase of Hyde's trial that would warrant reversal. Accordingly, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, See, Johnstone, and England, JJ., concur.
Brown, J., recuses herself.*
[1] Hyde was originally indicted on four counts, including an additional count alleging the capital murder of a law-enforcement officer. See § 13A-5-40(a)(5), Ala. Code 1975. The State later dropped that charge.
[2] We reject the alternative theory stated by the Court of Criminal Appeals that "the entry of the bullet into the house constituted an entry under the burglary statute," 778 So.2d 211, and we reject the rationale of that court in this regard. In requiring an entry, the burglary statute requires an entry by some part of the defendant's body or the body of someone acting in complicity with the defendant. § 13A-7-5(a), Ala. Code 1975.
The theory that the entry by the bullet satisfies the element of entry would render entirely superfluous § 13A-11-61, Ala. Code 1975, specifically condemning shooting into dwellings, because under that theory every shooting into a dwelling would constitute a burglary. Rather, because § 13A-11-61 specifically condemns shooting into a dwelling and does not include any element of physical entry by the defendant himself or herself, this Code section, rather than those statutes defining burglary, govern Hyde's conduct under the rule of statutory construction known asexpressio unius est exclusio alterius.
The Court of Criminal Appeals should have restricted the rationale for its affirmance to the evidence of record, which supports the conclusion that the defendant did, in fact, bodily enter the victim's dwelling to shoot him. The alternative holding — that the entry by the bullet satisfied the "entry" element of the burglary statute — is bad and unnecessary law. It abandons the fundamental rule that criminal statutes are construed strictly against the State. See Ex parte Jackson, 614 So.2d 405 (Ala. 1993).
* Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.