928 So.2d 278 (2005)
Ex parte Craig Allen HOOVER.
(In re: Craig Allen Hoover
v.
State of Alabama).
1041555.
Supreme Court of Alabama.
November 10, 2005.
Thomas M. Goggans, Montgomery, for petitioner.
Troy King, atty. gen., and Stephanie N. Morman, P. David Bjurberg, Marc A. *279 Starrett, and Madeline H. Lewis, asst. attys. gen., for respondent.
PER CURIAM.
WRIT QUASHED. NO OPINION.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
STUART, J., dissents.
STUART, Justice (dissenting).
Craig Allen Hoover was convicted after a nonjury trial in the Lee Circuit Court of felony driving under the influence of alcohol, a violation of § 32-5A-191(h), Ala. Code 1975. At trial, Hoover admitted that he had three prior convictions for driving under the influence of alcohol. The State and Hoover agreed that two of those prior convictions were in the Dothan municipal court and that the one remaining conviction was in the Houston County District Court. The Court of Criminal Appeals, relying on its holding in McDuffie v. State, 712 So.2d 1118 (Ala.Crim.App.1997), affirmed Hoover's conviction and sentence, without an opinion. Hoover v. State (No. CR-04-0159, June 10, 2005), 926 So.2d 1082 (Ala.Crim.App.2005)(table). Hoover petitioned this Court for a writ of certiorari to consider whether under § 32-5A-191(h) a conviction for violating a municipal ordinance prohibiting driving under the influence of alcohol counts toward the total number of convictions necessary to constitute the felony offense of driving under the influence defined in that subsection.
Hoover argues to this Court that the decision of the Court of Criminal Appeals that convictions based on violations of municipal ordinances prohibiting driving under the influence of alcohol were properly counted toward the total number of convictions necessary to constitute the felony offense conflicted with this Court's decision in Ex parte Bertram, 884 So.2d 889 (Ala.2003). In Ex parte Bertram, this Court construed § 32-5A-191 as follows:
"[T]he word conviction means conviction of violating this section everywhere the word conviction appears within the section, including where the word conviction appears in Subsection (h) defining the felony. Such a construction would require Subsection (h) be read to mean `On a fourth or subsequent conviction [of violating this section], a person convicted of violating this section shall be guilty of a Class C felony and punished by [stating the penalty].'"
884 So.2d at 892.
The Court of Criminal Appeals, recognizing that this Court in Ex parte Bertram did not address the issue of the applicability of municipal convictions to § 32-5A-191(h), stated in its unpublished memorandum in this case:
"This Court held in McDuffie v. State, 712 So.2d 1118 (Ala.Crim.App.1997), that prior municipal convictions for driving under the influence could support a felony conviction for driving under the influence:
"`The appellant further contends that the state should not have been allowed to introduce into evidence two of his prior D.U.I. convictions because, he says, they were convictions for violating a municipal ordinance, rather than convictions for violating § 32-5A-191, Code of Alabama 1975. He argues (1) that the language of § 32-5A-191(h) "refers to three prior violations of that provision as being a pre-requisite to being guilty of felony-D.U.I." (appellant's brief, p. 8); and (2) that the provisions of a municipal ordinance might not be the same as those in the state statute and thus, the use of any municipal convictions as *280 any of the three prior convictions required by § 32-5A-191(h) would deprive him of proper notice of the charge he was being called upon to defend. We find no merit in these assertions.
"`Our examination of § 32-5A-191(h) reveals no language requiring that the prior convictions required for that section to be applicable be obtained under § 32-5A-191, as the appellant contends. The appellant admitted that he had had three prior D.U.I. convictions.'
"Id. at 1120. This Court finds that the holding in Ex parte Bertram is distinguishable from this Court's holding in McDuffie, as Ex parte Bertram holds only that out-of-state convictions for driving under the influence do not count as prior convictions under Alabama law.
"Furthermore, in Hoover's case, as was the case in McDuffie, he admitted to having three prior driving-under-the-influence convictions in Alabama. Accordingly, this Court finds that the evidence was sufficient to support a conviction for felony driving under the influence under § 32-5A-191(h), Ala. Code 1975."
I agree with the Court of Criminal Appeals that the holding in Ex parte Bertram should not be read to preclude a violation of a municipal ordinance for driving under the influence of alcohol from counting toward the felony of driving under the influence defined in § 32-5A-191(h). I dissented in Ex parte Bertram because I believe that the majority's holding that the definition of the word "conviction" as used in § 32-5A-191(h), Ala.Code 1975, to mean only a conviction for violating § 32-5A-191 is too limiting. To me the word "conviction" as used in § 32-5A-191 means any conviction for driving under the influence of alcohol, regardless of whether the conviction is for a violation of § 32-5A-191(a) or for a violation of a municipal ordinance or another jurisdiction's statute prohibiting driving under the influence of alcohol or a controlled substance, provided that the underlying conduct would have constituted a conviction for driving under the influence of alcohol or a controlled substance under § 32-5A-191(a), Ala.Code 1975.
Here, the decision of the Court of Criminal Appeals properly limited the application of this Court's holding in Ex parte Bertram. Because I maintain the this Court needs to revisit its holding in Ex parte Bertram and redefine the word "conviction" to include any conviction for driving under the influence of alcohol that satisfies § 32-5A-191(a), Ala.Code 1975, I would have affirmed the judgment of the Court of Criminal Appeals and overruled this Court's holding in Ex parte Bertram. Thus, I respectfully dissent from the majority's decision to quash the writ.