4 So.3d 410 (2008)
Ex parte Arthur Felton HOLBERT.
(In re Arthur Felton Holbert State of Alabama).
1070456.
Supreme Court of Alabama.
July 11, 2008.
Donald A. Chapman, Decatur, for petitioner.
Troy King, atty. gen., and Beth Slate Poe, asst. atty. gen., for respondent.
LYONS, Justice.
Arthur Felton Holbert petitioned this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals affirming his conviction for felony driving under the influence of alcohol ("DUI"), a violation of § 32-5-191(a)(2) and (h), Ala. Code 1975. We granted certiorari review to consider, as a material question of first impression, whether a prior in-state DUI conviction in a municipal court counts toward the total number of prior DUI convictions necessary to constitute the felony offense of DUI under § 32-5A-191(h). For the reasons discussed below, we hold that they do not, and we reverse the judgment of the Court of Criminal Appeals.

I. Facts and Procedural History

On March 22, 2005, a police officer for the City of Decatur arrested Arthur Felton Holbert for DUI, for violating Decatur's open-container ordinance, and for carrying a pistol without a permit.[1] As to the DUI offense, the Morgan County *411 grand jury indicted Holbert for felony DUI, a violation of § 32-5A-191(a)(2) and (h), based on numerous prior DUI convictions. Section 32-5A-191 provides, in pertinent part:
"(a) A person shall not drive or be in actual physical control of any vehicle while:
"....
"(2) Under the influence of alcohol;
"....
"(e) Upon first conviction, a person violating this section shall be punished by [stating the penalty].
"(f) On a second conviction within a five-year period, a person convicted of violating this section shall be punished by [stating the penalty].
"(g) On a third conviction, a person convicted of violating this section shall be punished by [stating the penalty].
"(h) On a fourth or subsequent conviction, a person convicted of violating this section shall be guilty of a Class C felony and punished by [stating the penalty]."
(Emphasis added.)
Before Holbert's trial, the State proffered court records showing that Holbert had had four prior DUI convictions. These records reflected a 1981 DUI conviction in the Cullman County District Court, a 1982 DUI conviction in the Hillsboro Municipal Court, a 1994 DUI conviction in the Morgan County District Court, and a 1994 DUI conviction in the Decatur Municipal Court. Holbert orally moved to dismiss the indictment because, he said, his prior DUI convictions in municipal courts cannot be counted toward the total number of prior DUI convictions necessary to enhance his current DUI offense to a felony DUI offense as defined by § 32-5A-191(h). Holbert specifically argued that in Ex parte Bertram, 884 So.2d 889 (Ala.2003), this Court held that only convictions under § 32-5A-191 count toward the number of prior convictions necessary to elevate a DUI offense to a felony offense under § 32-5A-191(h). Thus, Holbert argued that his prior municipal convictions do not count as prior DUI convictions for the purpose of enhancement under § 32-5A-191(h) because, he said, a municipal DUI conviction is a violation of a municipal ordinance and not a violation of § 32-5A-191. The trial court denied Holbert's motion to dismiss.
A jury returned a guilty verdict on the felony DUI charge, and the trial court sentenced Holbert to five years' imprisonment. The trial court then split the sentence and ordered Holbert to serve 18 months in prison followed by a 5-year probationary period. See § 15-18-8, Ala. Code 1975.
Holbert then appealed to the Court of Criminal Appeals, arguing that the trial court improperly denied his motion to dismiss the indictment and allowed the State to use his prior municipal DUI convictions to elevate his DUI charge to a felony offense under § 32-5A-191(h). Holbert contended in the Court of Criminal Appeals, as he did in the trial court, that pursuant to Ex parte Bertram, a municipal DUI conviction is not a conviction under § 32-5A-191 that can elevate a DUI offense to a felony offense as defined by § 32-5A-191(h).
The Court of Criminal Appeals affirmed the judgment of the trial court, without an opinion. Holbert v. State (No. CR-06-1574, Oct. 26, 2007), ___ So.3d ___ (Ala. Crim.App.2007) (table). In an unpublished memorandum, that court first noted that Ex parte Bertram addressed only out-of-state DUI convictions and not municipal DUI convictions. The Court of Criminal Appeals then noted that, before this Court decided Ex parte Bertram, the Court of *412 Criminal Appeals had addressed the relationship between municipal DUI convictions and § 32-5A-191(h) in McDuffie v. State, 712 So.2d 1118, 1120 (Ala.Crim.App. 1997). The Court of Criminal Appeals quoted from McDuffie as follows in its memorandum:
"`The appellant further contends that the state should not have been allowed to introduce into evidence two of his prior D.U.I. convictions because, he says, they were convictions for violating a municipal ordinance, rather than convictions for violating § 32-5A-191, Code of Alabama 1975. He argues (1) that the language of § 32-5A-191(h) "refers to three prior violations of that provision as being a pre-requisite to being guilty of felony-DUI" (appellant's brief, p. 8); and (2) that the provisions of a municipal ordinance might not be the same as those in the state statute and[,] thus, the use of any municipal convictions as any of the three prior convictions required by § 32-5A-191(h) would deprive him of proper notice of the charge he was being called upon to defend. We find no merit in these assertions.
"`Our examination of § 32-5A-191(h) reveals no language requiring that the prior convictions required for that section to be applicable be obtained under § 32-5A-191, as the appellant contends.'"
(Quoting 712 So.2d at 1120.) The Court of Criminal Appeals then concluded: "Because Ex parte Bertram held only that out-of-state DUI convictions do not qualify as prior convictions under Alabama law, it is distinguishable from McDuffie. Therefore, [Holbert's] argument is without merit."
Holbert petitioned this Court for certiorari review of the Court of Criminal Appeals' decision. We granted certiorari review to consider, as a material question of first impression, whether a prior in-state DUI conviction in a municipal court can be counted toward the total number of prior DUI convictions necessary to constitute a felony DUI offense as defined in § 32-5A-191(h).[2]

II. Standard of Review

"`This Court reviews pure questions of law in criminal cases de novo.'" Ex parte Morrow, 915 So.2d 539, 541 (Ala.2004) (quoting Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).

III. Analysis

Holbert contends that the Court of Criminal Appeals erred in concluding that the trial court had properly denied his motion to dismiss the indictment, holding that a DUI conviction in a municipal court counts toward the total number of prior DUI convictions necessary to constitute a felony DUI offense under § 32-5A-191(h). Holbert asserts that under the plain language of § 32-5A-191(h) only prior DUI convictions for violating § 32-5A-191 can be counted toward those necessary to elevate a DUI conviction to a felony. Holbert contends that his prior DUI convictions in various municipal courts are not violations of § 32-5A-191; rather, he argues, they are violations of municipal ordinances and therefore do not count toward the number *413 of prior convictions necessary to constitute a felony DUI offense under § 32-5A-191(h). Holbert acknowledges that in McDuffie the Court of Criminal Appeals held that its "examination of § 32-5A-191(h) reveal[ed] no language requiring that the prior convictions required for that section to be applicable be obtained under § 32-5A-191." 712 So.2d at 1120. However, Holbert then notes that five years after the Court of Criminal Appeals decided McDuffie, this Court decided Ex parte Bertram, which, Holbert argues, held that the plain language of § 32-5A-191(h) requires that prior convictions that elevate a DUI offense to a felony offense must be convictions for violations of § 32-5A-191.
In Ex parte Bertram, this Court granted certiorari review to address the issue "whether Subsection (h) of Section 32-5A-191 means for prior out-of-state convictions for driving under the influence of alcohol to count toward the total of convictions necessary to constitute the felony defined by that subsection." 884 So.2d at 890. This Court first noted well-established rules of statutory construction such as "`"[s]tatutes creating crimes are to be strictly construed in favor of the accused; they may not be held to apply to cases not covered by the words used."'" Ex parte Bertram, 884 So.2d at 891 (quoting Ex parte Jackson, 614 So.2d 405, 406 (Ala. 1993), quoting in turn United States v. Resnick, 299 U.S. 207, 209, 57 S.Ct. 126, 81 L.Ed. 127 (1936)). This Court also noted that "`[o]ne who commits an act which does not come within the words of a criminal statute, according to the general and popular understanding of those words, when they are not used technically, is not to be punished thereunder, merely because the act may contravene the policy of the statute.'" Ex parte Bertram, 884 So.2d at 891 (quoting Clements v. State, 370 So.2d 723, 725 (Ala.1979), citing in turn Fuller v. State, 257 Ala. 502, 505, 60 So.2d 202 (1952)).
This Court then held:
"We read Section 32-5A-191 according to these traditional, well-settled rules of statutory construction. At the very least in favor of the defendant before us, an eminently reasonable construction of this section is that the word conviction means conviction of violating this section everywhere the word conviction appears within the section, including where the word conviction appears in Subsection (h) defining the felony. Such a construction would require that Subsection (h) be read to mean `On a fourth or subsequent conviction [of violating this section], a person convicted of violating this section shall be guilty of a Class C felony and punished by [stating the penalty].' The rules of statutory construction we have quoted require us to adopt this construction rather than the construction urged by the State to the effect that `On a fourth or subsequent conviction [of violating any driving-under-the-influence statute of any state], a person convicted of violating this section shall be guilty of a Class C felony and punished by [stating the penalty].' The construction urged by the State contains an internal inconsistency, extends the purview of the statute beyond its express text, and construes any ambiguity against the defendant and in favor of the State, all contrary to the traditional, well-settled rules of statutory construction."
Ex parte Bertram, 884 So.2d at 892.
Holbert contends that, consistent with the rationale of Ex parte Bertram, § 32-5A-191(h) cannot be interpreted to include DUI convictions from a municipal court because such convictions are not convictions for violations of § 32-5A-191.
*414 The State contends that Holbert's arguments are without merit because, it argues, the Court of Criminal Appeals' decision in McDuffie has not been overruled or abrogated. The State also asserts that municipal DUI convictions count as prior DUI convictions under § 32-5A-191(h) because § 32-5A-191(h) does not expressly preclude consideration of prior municipal convictions. The State then notes that after this Court issued its decision in Ex parte Bertram, the Court of Criminal Appeals decided Hoover v. State (No. CR-04-0159, June 10, 2005), 926 So.2d 1082 (Ala. Crim.App.2005) (table), holding in an unpublished memorandum that municipal DUI convictions count toward the number of prior DUI convictions necessary to constitute the felony offense of DUI as defined in § 32-5A-191(h). This Court granted certiorari review of the Court of Criminal Appeals' decision in Hoover and then quashed the writ as improvidently granted. See Ex parte Hoover, 928 So.2d 278 (Ala.2005). Justice Stuart dissented from this Court's decision to quash the writ, and the State contends that we should now adopt the reasoning of her dissent.
In her dissent, Justice Stuart stated, in pertinent part:
"I agree with the Court of Criminal Appeals that the holding in Ex parte Bertram should not be read to preclude a violation of a municipal ordinance for driving under the influence of alcohol from counting toward the felony of driving under the influence defined in § 32-5A-191(h). I dissented in Ex parte Bertram because I believe that the majority's holding that the definition of the word `conviction' as used in § 32-5A-191(h), Ala.Code 1975, to mean only a conviction for violating § 32-5A-191 is too limiting. To me the word `conviction' as used in § 32-5A-191 means any conviction for driving under the influence of alcohol, regardless of whether the conviction is for a violation of § 32-5A-191(a) or for a violation of a municipal ordinance or another jurisdiction's statute prohibiting driving under the influence of alcohol or a controlled substance, provided that the underlying conduct would have constituted a conviction for driving under the influence of alcohol or a controlled substance under § 32-5A-191(a), Ala.Code 1975.
"Here, the decision of the Court of Criminal Appeals properly limited the application of this Court's holding in Ex parte Bertram. Because I maintain that this Court needs to revisit its holding in Ex parte Bertram and redefine the word `conviction' to include any conviction for driving under the influence of alcohol that satisfies § 32-5A-191(a), Ala.Code 1975, I would have affirmed the judgment of the Court of Criminal Appeals and overruled this Court's holding in Ex parte Bertram. Thus, I respectfully dissent from the majority's decision to quash the writ."
Ex parte Hoover, 928 So.2d at 280.
In sum, the State contends that the Court of Criminal Appeals properly upheld the trial court's use of Holbert's municipal convictions to elevate Holbert's DUI offense to a felony under § 32-5A-191(h) because, it says, McDuffie and Hoover hold that municipal DUI convictions can be used to enhance a subsequent DUI offense.[3]
*415 Under this Court's holding in Ex parte Bertram that § 32-5A-191(h) should be read as stating "`On a fourth or subsequent conviction [of violating this section], a person convicted of violating this section shall be guilty of a Class C felony and punished by [stating the penalty],'" 884 So.2d at 892, we must conclude that, independent of § 32-5A-191(o), a DUI conviction in a municipal court does not count toward the total number of prior convictions necessary to constitute a felony DUI offense as defined in subsection (h) because a municipal DUI conviction is not a conviction for violating § 32-5A-191 but merely a conviction for violating a municipal ordinance. Thus, we decline the State's invitation to overrule Ex parte Bertram, and we expressly overrule McDuffie, a decision of the Court of Criminal Appeals, to the extent that it is inconsistent with this holding.[4] As this Court held in Ex parte Bertram, the well-established rule of statutory construction stating that "`[n]o person is to be made subject to penal statutes by implication and all doubts concerning their interpretation are to predominate in favor of the accused,'" 884 So.2d at 891 (quoting Clements, 370 So.2d at 725), requires that § 32-5A-191(h) be read to mean that only convictions under § 32-5A-191 can be counted toward the total number of convictions needed to constitute felony DUI under § 32-5A-191(h).[5]Clements, 370 So.2d at 725.
We recognize that many municipal DUI ordinances have adopted the language of § 32-5A-191. However, an individual convicted of violating a municipal ordinance has not been convicted of violating § 32-5A-191 merely because the ordinance adopted the language of § 32-5A-191. We note that the Court of Criminal Appeals recently and correctly held that, although a municipal DUI ordinance may have adopted the language of § 32-5A-191, the municipal ordinance and § 32-5A-191 set out separate offenses. See City of Decatur v. Lindsey, 989 So.2d 1157, 1164 (Ala.Crim.App.2007), writ quashed Ex parte Lindsey, 989 So.2d 1164 (Ala.2008). In Lindsey, the Court of Criminal Appeals held:
"[W]e note that the penalty provisions set forth in §§ 32-5A-191 and 11-45-9(b),[6] Ala.Code 1975, address different *416 subjects. Section 32-5A-191(e), Ala. Code 1975, governs the fines and sentences that may be imposed for the State offense of DUI. Section 11-45-9(b), Ala. Code 1975, governs the fines and sentences that may be imposed for the municipal offense of DUI."

989 So.2d at 1161 (emphasis added).
Based on the foregoing analysis, we conclude that the trial court erred in counting Holbert's prior municipal convictions toward the total number of convictions necessary to constitute the felony offense of DUI under § 32-5A-191(h), and the Court of Criminal Appeals erred in affirming Holbert's conviction for felony DUI.

IV. Conclusion

The judgment of the Court of Criminal Appeals is reversed, and the cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and WOODALL, SMITH, BOLIN, and MURDOCK, JJ., concur.
SEE, STUART, and PARKER, JJ., dissent.
STUART, Justice (dissenting).
I respectfully dissent from the majority's refusal to overrule Ex parte Bertram, 884 So.2d 889 (Ala.2003), and its decision to reverse the judgment of the Court of Criminal Appeals. The majority holds:
"Under this Court's holding in Ex parte Bertram that 32-5A-191(h) should be read as stating `"On a fourth or subsequent conviction [of violating this section], a person convicted of violating this section shall be guilty of a Class C felony and punished by [stating the penalty],"' 884 So.2d at 892, we must conclude that, independent of § 32-5A-191(o), a DUI conviction in a municipal court does not count toward the total number of prior convictions necessary to constitute a felony DUI offense as defined in subsection (h) because a municipal DUI conviction is not a conviction for violating § 32-5A-191 but merely a conviction for violating a municipal ordinance."
4 So.3d at 415.
As I stated in my dissents in Ex parte Bertram and Ex parte Hoover, 928 So.2d 278 (Ala.2005), this Court's definition of the term "conviction" as used in § 32-5A-191(h) to mean "conviction of violating this section" is too limiting. This narrow definition finds no basis in the statute, as a reading of the entire statute indicates that the legislature, when drafting this statute, considered several types of convictions for driving under the influence of alcohol or a controlled substance, in addition to convictions for violations of "this section." For example, the legislature in § 32-5A-191(k) provided for fines collected for "violations of this section charged pursuant to a municipal ordinance." Additionally, the legislature considered "generic" driving-under-the-influence-of-alcohol convictions in § 32-5A-191(p) when it provided that the motor-vehicle registration of a repeat driving-under-the-influence-of-alcohol offender, whose offenses result from various "generic" driving-under-the-influence-of-alcohol convictions, shall be suspended.
Furthermore, I note that when the legislature enacted the Alabama Driver License Compact Act, codified at § 32-6-30 et seq., Ala.Code 1975, it established a definition *417 for "conviction" with regard to driving offenses, stating:
"(c) `Conviction' means a conviction of any offense related to the use or operation of a motor vehicle which is prohibited by state law, municipal ordinance or administrative rule or regulation, or a forfeiture of bail, bond or other security deposited to secure appearance by a person charged with having committed any such offense and which conviction or forfeiture is required to be reported to the licensing authority." Article II, § 32-6-31, Ala.Code 1975. The legislature further established the effect of a conviction under that Act, stating:
"a) The licensing authority in the home state, for the purpose of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to article III of this compact, as it would if such conduct had occurred in the home state, in the case of conviction for:
"....
"(2) Driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle."
Article IV, § 32-6-31, Ala.Code 1975. Thus, the legislature has provided in terms of driving offenses a definition of "conviction" that is much broader than the definition given that term by this Court in Ex parte Bertram. Clearly, the legislature, by the language it used in § 32-5A-191(k), § 32-5A-191(p), and § 32-6-31, Ala.Code 1975, intended that the term "conviction" as used in § 32-5A-191(e)-(h)the sentence-enhancement statutes addressing repeated convictions for driving under the influence of alcohol or a controlled substancemeans a conviction for conduct constituting a violation of § 32-5A-191(a), Ala.Code 1975.
In light of the foregoing, I would overrule Ex parte Bertram, and I would affirm the judgment of the Court of Criminal Appeals, holding that a conviction under a municipal ordinance for conduct constituting a violation of § 32-5A-191(a), Ala.Code 1975, can be counted toward the total convictions necessary to constitute the felony defined by § 32-5A-191(h), Ala.Code 1975. Therefore, I dissent.
SEE and PARKER, JJ., concur.
NOTES
[1] Holbert was convicted of the charges of violating Decatur's open-container ordinance and carrying a pistol without a permit and was sentenced accordingly. Those convictions and sentences are not before us.
[2] In 2006 the legislature added § 32-5A-191(o), which provides:

"A prior conviction within a five-year period for driving under the influence of alcohol or drugs from this state, a municipality within this state, or another state or territory or a municipality of another state or territory shall be considered by a court for imposing a sentence pursuant to this section."
(Emphasis added.) However, § 32-5A-191(o) is not applicable here because it became effective after the commission of the offense that led to Holbert's indictment for felony DUI.
[3] The State erroneously refers to McDuffie and Hoover as decisions of this Court. We assume that error to have arisen from the State's failure to revise the brief filed before the Court of Criminal Appeals before submitting its brief to this Court as opposed to ignorance of the correct court from which these decisions emanated. We have treated the State's contentions before us in a manner consistent with this assumption.
[4] It is not necessary for us to overrule the Court of Criminal Appeals' decision in Hoover because that decision has no precedential value. See Rule 54(d), Ala. R.App. P.
[5] Justice Stuart's dissent relies upon the language of § 32-5A-191(k) and portions of the Alabama Driver License Compact Act, § 32-6-30 et seq., Ala.Code 1975, to conclude that restricting the definition of the term "conviction" as used in § 32-5A-191(h) to a "conviction for violating this section" is too narrow. The dissent states: "[A] reading of the entire statute indicates that the legislature, when drafting this statute, considered several types of convictions for driving under the influence of alcohol or a controlled substance, in addition to convictions for violations of `this section.'" 4 So.3d at 416. The plain language of § 32-5A-191(h) limits the definition of the term "conviction" to a "conviction for violating this section" and, if the legislature had intended the expansive reading urged by the dissent, embracing other sections of the Code, it could have very easily so stated. Further, the dissent would have us look to § 32-5A-191(k) and § 32-6-30 et seq. to construe § 32-5A-191(h) in favor of the State. As this Court noted in Ex parte Bertram: "`[T]he fundamental rule [is] that criminal statutes are construed strictly against the State. See Ex parte Jackson, 614 So.2d 405 (Ala.1993).' Ex parte Hyde, 778 So.2d 237, 239 n. 2 (Ala. 2000)." 884 So.2d at 892.
[6] Section 11-45-9(b), Ala.Code 1975, sets out the penalties that may be imposed for violating municipal ordinances and resolutions:

"No fine shall exceed $500.00, and no sentence of imprisonment or hard labor shall exceed six months except, when in the enforcement of the penalties prescribed in section 32-5A-191, such fine shall not exceed $5,000.00 and such sentence of imprisonment or hard labor shall not exceed one year."