KELLUM, Judge.
 

 Pursuant to a negotiated plea agreement, the appellant, Christopher Wayne Johnston, was convicted of felony driving under the influence of alcohol (“DUI”), a violation of § 32-5-191(a)(2) and (h), Ala. Code 1975. The circuit court sentenced Johnston to five years’ imprisonment. Additionally, the court ordered Johnston to pay a $5,000 fine and $250 to the crime victims compensation fund.
 

 Before pleading guilty, Johnston moved to dismiss the felony DUI charge against him on the basis that the prior DUI convictions used to enhance his DUI charge occurred more than five years before the most recent charged DUI offense and that the prior DUI convictions were municipal-court convictions that, he says, could not be used to elevate his current DUI offense to a felony DUI offense. The circuit court subsequently denied Johnston’s motion to dismiss. Johnston pleaded guilty, specifically reserving the right to appeal the question whether the circuit court erred by
 
 *378
 
 denying his motion to dismiss. This appeal followed.
 

 On appeal, Johnston contends that the circuit court was without jurisdiction to sentence him for the felony offense of DUI when the prior DUI convictions used to elevate his current DUI offense to a felony fell outside the five-year period provided for in § 32-5A-191(o), Ala.Code 1975. Because the issue presented here involves a review of the circuit court’s conclusion of law and its application of the law to undisputed facts, this Court applies a de novo standard of review.
 
 Washington v. State,
 
 922 So.2d 145, 158 (Ala.Crim.App.2005).
 

 The record establishes that Johnston, whose DUI arrest resulted from a traffic stop occurring on June 28, 2004, entered a guilty plea on September 12, 2007, and was sentenced that same day. Before Johnston entered his plea, the State presented evidence of four prior DUI convictions to enhance Johnston’s DUI offense to a felony: (1) a 2000 DUI in Baldwin District Court; (2) a 1987 DUI in Fairhope Municipal Court; (3) a 1986 DUI in St. Clair District Court; and (4) a 1986 DUI in Daphne Municipal Court. During the period between Johnston’s arrest for the current DUI offense and his guilty-plea conviction, the Alabama Legislature amended § 32-5A-191, Ala.Code 1975; this amendment resulted in the former subsection (o) being renumbered as subsection (p), and the addition of a new subsection (o). This new subsection, which became effective April 28, 2006, provides:
 

 “A prior conviction within a five-year period for driving under the influence of alcohol or drugs from this state, a municipality within this state, or another state or territory or a municipality of another state or territory shall be considered by a court for imposing a sentence pursuant to this section.”
 

 § 32-5A-191(o), Ala.Code 1975. It is Johnston’s contention that this newly enacted subsection is applicable in his case because, he says, § 32-5A-191(o) was effective at the time he was sentenced.
 

 This Court recently addressed a similar argument in
 
 Stewart v. State,
 
 990 So.2d 441 (Ala.Crim.App.2008). In
 
 Stewart,
 
 the appellant committed the DUI offense for which he was being prosecuted nearly three and one-half years before the amendments to § 32A-5A-191(o) became effective. The circuit court refused to apply the amendment to the appellant’s prosecution on the basis that the law in effect at the time of the DUI offense was committed governed the prosecution of that offense. 990 So.2d at 442. The appellant appealed, arguing that the amended version of § 32-5A-191(o) applied and that he should therefore not be convicted and sentenced for felony DUI. This Court disagreed and held that because the amendment had not taken effect at the time the appellant committed the offense for which he was being prosecuted, he could not take advantage of the amendment limiting the time within which a DUI conviction can be considered for sentencing purposes.
 
 Stewart,
 
 990 So.2d at 443. In so holding, we recognized:
 

 “ ‘It is well settled that the law in effect at the time of the commission of the offense controls the prosecution. See
 
 Davis v. State,
 
 571 So.2d 1287, 1289 (Ala.Crim.App.1990) (“A defendant’s sentence is determined by the law in effect at the time of the commission of the offense.”);
 
 Hardy v. State,
 
 570 So.2d 871 (Ala.Crim.App.1990) (unless otherwise stated in the statute, the law in effect at the time the offense was committed controls the offense); and
 
 Jefferson v. City of Birmingham,
 
 399 So.2d 932 (Ala.Crim.App.1981) (law in effect at
 
 *379
 
 the time of the offense governs prosecution).’ ”
 

 Stewart,
 
 990 So.2d at 442 (quoting
 
 Minnifield v. State,
 
 941 So.2d 1000, 1001 (Ala.Crim.App.2005)).
 

 Here, as in
 
 Stewart,
 
 Johnston’s offense took place before the 2006 amendment to § 32-5A-191 became effective. Before the amendment, § 32-5A-191 contained no five-year limitation period concerning convictions that could be used for the purposes of DUI sentencing enhancement. See, e.g.,
 
 Finch v. State,
 
 903 So.2d 166, 167 (Ala.Crim.App.2004) (DUI convictions more than five years old properly used to enhance defendant’s sentence). Because the law controlling Johnston’s prosecution contained no limiting five-year window, his DUI convictions that were more than five years old could be used for purposes of sentencing enhancement.
 

 However, the record establishes that two of the four prior DUI convictions used to elevate Johnston’s sentence to a felony DUI were in municipal court — a 1987 DUI in Fairhope Municipal Court and a 1986 DUI in Daphne Municipal Court. The inclusion of Johnston’s 1987 and 1986 municipal-court convictions runs afoul of our Supreme Court’s decision in
 
 Ex parte Holbert,
 
 4 So.3d 410 (Ala.2008). In
 
 Holbert,
 
 a case decided after Johnston had been convicted of felony DUI, our Supreme Court held that prior in-state DUI convictions in a municipal court may not be used to establish the total number of DUI convictions necessary to elevate a DUI offense to a felony offense under § 32-5A-191(h), Ala.Code 1975.
 

 Although Johnston’s conviction for felony DUI cannot stand under
 
 Holbert
 
 based on the use of the municipal DUI convictions to enhance his sentence, we note that this Court’s decision in
 
 Altherr v. State,
 
 911 So.2d 1105 (Ala.Crim.App.2004), permits the remand of this case for the State to prove three prior DUI convictions, not including municipal DUI convictions, at a second sentencing hearing.
 

 In
 
 Altherr,
 
 the defendant was convicted of felony DUI based on four prior DUI convictions, two of which were in Georgia and two of which were in Alabama. Relying on
 
 Ex parte Bertram,
 
 884 So.2d 889 (Ala.2003), we held that the trial court improperly considered the two out-of-state DUI convictions when it elevated the defendant’s sentence to a felony under § 32-5A-191(h); we reversed the defendant’s conviction; and we remanded the case for the trial court to enter a judgment against the defendant for the lesser punishment under § 32-5A-191(g), Ala.Code 1975.
 
 Altherr,
 
 911 So.2d at 1109. On application for rehearing, the State argued that the case should have been remanded to the trial court for a new sentencing hearing so that it could prove additional Alabama DUI convictions because § 32-5A-191(h) is a sentence enhancement, and, as such, is “no different from that of an enhancement of a sentence after felony convictions under the Habitual Felony Offender Act (‘HFOA’).” 911 So.2d at 1109. This Court unanimously agreed with the State’s argument:
 

 “[W]e see no reason to distinguish sentence enhancement under the HFOA from sentence enhancement under the DUI law. Both are used strictly for sentence enhancement and have no effect on the underlying substantive offense: both carry notice requirements that may be waived; and neither requires inclusion in the indictment.
 

 “Therefore, because § 32-5A-191(h) is a sentence enhancement similar in purpose and character to sentence enhancements under the HFOA, we see no reason to treat them differently from the
 
 *380
 
 sentence enhancements applied under the HFOA.
 

 “Thus, for the reasons stated above, [the defendant’s] conviction for felony DUI is reversed and this cause is remanded to the circuit court with instructions to conduct a second sentencing hearing, where the state can ‘attempt to prove all previous [Alabama DUI] convictions [of which] the State is aware.’
 
 Connolly v. State,
 
 602 So.2d [452,] at 455 [ (Ala.1992) ]. However, as with the HFOA, ‘[t]o enhance a defendant’s sentence ... the State must give proper notice of its intent to do so.’
 
 Connolly v. State,
 
 602 So.2d at 455.”
 

 Altherr,
 
 911 So.2d at 1114.
 

 The instant case is analogous to
 
 Altherr.
 
 In this case, as in
 
 Altherr,
 
 the State submitted improper evidence of prior DUI convictions at a sentencing hearing seeking to enhance a DUI conviction under § 32-5A-191(h). The circuit court, based on the improper evidence, enhanced the sentence, and Johnston was convicted of felony DUI. The State, in the instant case, submitted the municipal DUI conviction strictly for the purposes of sentence enhancement and not in connection with proving the underlying offense.
 

 We note that this Court’s holding in
 
 Altherr
 
 is not in contravention of our Supreme Court’s holding in
 
 Holbert.
 
 The Supreme Court’s decision in
 
 Holbert
 
 did not address whether the State could prove other additional prior DUI convictions at a subsequent sentencing hearing. Instead, the Supreme Court limited its analysis to whether the circuit court could enhance a DUI conviction based on municipal DUI convictions.
 

 Based on the foregoing, we reverse Johnston’s felony DUI conviction and remand the cause to the circuit court with instructions to conduct a second sentencing hearing at which the State shall produce certified copies of Johnston’s previous DUI convictions, other than municipal DUI convictions, if such exist. However, as noted in
 
 Altherr,
 
 the State must give proper notice of its intent to enhance Johnston’s sentence.
 

 The circuit court shall take all necessary action to ensure that the circuit clerk makes due return to remand at the earliest possible time and no later than 56 days from the date of this opinion.
 

 REVERSED AND REMANDED WITH DIRECTIONS.
 

 WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.