PER CURIAM.
 

 Tony Shirley was convicted of felony driving under the influence, in violation of § 32-5A-191 (a)(2), Ala.Code 1975, pursuant to a guilty plea on December 1, 2003. He was sentenced to 10 years’ imprisonment; that sentence was suspended, and he was ordered to serve five years on probation. Shirley violated his probation by being convicted of another driving-under-the-influence charge, and his probation was revoked in 2008. Thereafter, Shirley filed a petition for writ of habeas corpus, alleging that the trial court was without jurisdiction to enhance his sentence to one imposed for a felony by using three prior driving-under-the-influence convictions from municipal courts.
 
 [1]
 
 A hearing was held on Shirley’s petition, and the trial court denied the petition, holding that Shirley’s failure to appeal his 2003 conviction or to previously raise this claim precluded his ability to raise it in the present petition.
 

 This matter has previously been discussed and determined by the Alabama Supreme Court. In
 
 Ex parte Holbert,
 
 4 So.3d 410 (Ala.2008), the Court concluded that municipal convictions for driving under the influence are not convictions for violations of § 32-5A-191, Ala.Code 1975, and therefore are not subject to § 32-5A-191(h), which enhances a fourth or subsequent conviction for driving under the influence to a Class C felony. The Court opined:
 

 “We recognize that many municipal DUI ordinances have adopted the language of § 32-5A-191. However, an individual convicted of violating a municipal ordinance has not been convicted of violating § 32-5A-191 merely because the ordinance adopted the language of § 32-5A-191. We note that the Court of Criminal Appeals recently and correctly held that, although a municipal DUI ordinance may have adopted the language of § 32-5A-191, the municipal ordinance and § 32-5A-191 set out separate offenses. See City of
 
 Decatur v. Lindsey,
 
 989 So.2d 1157, 1164 (Ala.Crim.
 
 *894
 
 App.2007), writ quashed
 
 Ex parte Lindsey,
 
 989 So.2d 1164 (Ala.2008).”
 

 Ex parte Holbert,
 
 4 So.3d at 415 (Ala.2008).
 

 The State argues that because Shirley was sentenced five years before the Supreme Court’s holding in
 
 Ex parte Holbert,
 
 his sentence was legal when he was sentenced. However, this court has applied this holding under facts where the commission of the offense pre-dated the decision in
 
 Holbert.
 
 In
 
 Johnston v. State,
 
 45 So.3d 376 (Ala.Crim.App.2009), this court determined that § 32-5A-191(o), which was added to the statute in a 2006 amendment, could not be applied to a June 24, 2004, offense. However, this court determined that
 
 Ex parte Holbert
 
 applied and barred the use of two of the prior convictions used to enhance his sentence that had been municipal convictions. Johnston had been sentenced on September 12, 2007.
 
 Johnston v. State,
 
 45 So.3d at 378.
 

 Similarly, in
 
 Moore v. State,
 
 40 So.3d 750 (Ala.Crim.App.2009), this court determined that prior municipal convictions had been improperly used to enhance Moore’s sentence because “[w]hile Moore’s conviction for felony DUI was pending on appeal, our Supreme Court released
 
 Ex parte Holbert,
 
 4 So.3d 410 (Ala.2008).”
 
 Moore v. State,
 
 40 So.3d at 752.
 

 Moreover, the circuit court’s holding that this issue was precluded because Shirley did not appeal his conviction and sentence is incorrect because this is a jurisdictional matter.
 

 “The implication of the Supreme Court’s decision in
 
 Holbert
 
 is jurisdictional in nature. In
 
 Holbert,
 
 the Supreme Court held that the trial court erred in including Holbert’s municipal convictions in the total number of convictions necessary to constitute a felony offense of DUI under § 32-5A-191(h). 4 So.3d at 416. In the instant case, the circuit court sentenced Moore based on the erroneous inclusion of the municipal DUI convictions. Thus, the sentence imposed by the circuit court exceeded the maximum authorized by law. ‘Matters concerning unauthorized sentences are jurisdictional.’
 
 Hunt v. State,
 
 659 So.2d 998, 999 (Ala.Crim.App.1994). It is well settled that jurisdictional matters are of such magnitude that appellate courts may take notice of them at any time and may do so even ex mero motu.
 
 Nunn v. Baker,
 
 518 So.2d 711 (Ala.1987);
 
 State v. Crittenden,
 
 17 So.3d 253 (Ala.Crim.App.2009);
 
 State v. Isbell,
 
 955 So.2d 476 (Ala.Crim.App.2006). Therefore, this Court may take notice of an illegal sentence, even though Moore did not raise the issue in the circuit court or in his brief on appeal. See, e.g.,
 
 McCall v. State,
 
 794 So.2d 1243 (Ala.Crim.App.2000);
 
 Pender v. State,
 
 740 So.2d 482 (Ala.Crim.App.1999).”
 

 Moore v. State,
 
 40 So.3d at 752-53.
 

 Because Shirley was illegally sentenced for a Class C felony pursuant to § 32-5A-191(h), Ala.Code 1975, based on municipal convictions, the circuit court erred in denying his petition for a writ of habeas corpus because “the trial court erred in counting [Shirley’s] prior municipal convictions toward the total number of convictions necessary to constitute the felony offense of DUI under § 32-5A-191(h).”
 
 Ex parte Holbert,
 
 4 So.3d at 416. Therefore, the judgment is due to be reversed and the case remanded.
 

 REVERSED AND REMANDED.
 

 WELCH, P.J., and KELLUM, J., concur. WINDOM, J., concurs in the result.
 

 [1]
 

 . The record in this case contains a Rule 32, Ala.R.Crim.P., petition filed on September 8, 2009, which raised the same issue concerning the municipal convictions, as well as another issue. There is no indication in the record as to whether this is a Rule 32 petition. The State was ordered to respond, but there is also no indication that the State did so. According to the case-action summary, a petition for a writ of habeas corpus was filed on April 23, 2010, and a second petition for a writ of habeas corpus was filed on June 15, 2010. The petition for a writ of habeas corpus contained in the record was the latter. (C. 85-87.) This petition is due to be treated as a Rule 32 petition according to its substance.
 
 See Ex parte Deramus,
 
 882 So.2d 875 (Ala.2002) (motion should have been treated as one for a writ of habeas corpus because the pleading must be construed according to its substance, not its style).
 
 Miller v. State,
 
 766 So.2d 990, 991 (Ala.Crim.App.2000) (" ‘A petition for a writ of habeas corpus contesting the validity of a conviction should [be] treated as a petition for post-conviction relief.’ ”).