WELCH, Judge.
Terry Donell Watson appeals from the circuit court’s dismissal of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. On August 10, 1999, Watson pleaded guilty to two counts of the felony offense of driving under the influence (“DUI”). For each conviction, Watson was sentenced to one year and one day in prison, the sentences to be served concurrently. This Court affirmed Watson’s convictions and sentences on direct appeal. Watson v. State (No. CR-99-O064, January 28, 2000), 805 So.2d 792 (Ala.Crim.App.2000) (table). The certifícate of judgment was issued on August 18, 2000.
On November 7, 2012, Watson filed the instant Rule 32 petition in which he alleged that the convictions used to elevate his August 1999 convictions to felonies were municipal court convictions.. He argued that, after the Alabama Supreme Court’s decision in Ex parte Holbert, 4 So.3d 410 (Ala.2008), in which the Alabama Supreme Court held that prior municipal convictions cannot be counted toward the total number of convictions necessary to constitute the felony offense of DUI, his prior municipal convictions could not be used to enhance his convictions to felonies; thus, he argued,. his sentences for felony DUI were illegal and due to be set aside. The State filed a motion to dismiss Watson’s petition. In its motion to dismiss, the State argued *623 that Watson’s claim was without merit because, it said, the holding in Ex parte Holbert was not retroactive because it announced a new rule of law. On July 17, 2013, the circuit court dismissed Watson’s petition, stating:
“The Court having reviewed the State’s response to [Watson’s] Rule 32 finds that the State’s position is well taken. “Therefore, this Court adopts the State’s response as grounds for dismissal and it is hereby Ordered that [Watson’s] Rule 32 is DISMISSED.”
(C. 56.) This appeal follows.
On appeal, Watson reasserts the arguments raised in his petition and contends that the circuit court erred in dismissing his petition.
Because the facts presented in this Rule 32 proceeding are undisputed, we are presented with a pure question of law. Therefore, we review this matter applying the de novo standard. Ex parte White, 792 So.2d 1097, 1098 (Ala.2001); Brown v. State, 850 So.2d 1261, 1263 (Ala.Crim.App.2002).
This Court’s ruling in Shirley v. Alabama Department of Corrections, 68 So.3d 892 (Ala.Crim.App.2011), is dispositive of the claims presented in the petition, and is quoted below.
“In Ex parte Holbert, 4 So.3d 410 (Ala.2008), the Court concluded that municipal convictions for driving under the influence are not convictions for violations of § 32-5A-191, Ala.Code 1975, and therefore are not subject to § 32-5A-191(h), which enhances a fourth or subsequent conviction for driving under the influence to a Class C felony. The Court opined:
“ We recognize that many municipal DUI ordinances have adopted the language of § 32-5A-191. However, an individual convicted of violating a municipal ordinance has not been convicted of violating § 32-5A-191 merely because the ordinance adopted the language of § 32-5A-191. We note that the Court of Criminal Appeals recently and correctly held that, although a municipal DUI ordinance may have adopted the language of § 32-5A-191, the municipal ordinance and § 32-5A-191 set out separate offenses. See City of Decatur v. Lindsey, 989 So.2d 1157, 1164 (Ala.Crim.App.2007), writ quashed Ex parte Lindsey, 989 So.2d 1164 (Ala.2008).’
“Ex parte Holbert, 4 So.3d at 415 (Ala.2008).
“The State argues that because Shirley was sentenced five years before the Supreme Court’s holding in Ex parte Holbert, his sentence was legal when he was sentenced. However, this court has applied this holding under facts where the commission of the offense pre-datethe decision in Holbert. In Johnston v. State, 45 So.3d 376 (Ala.Crim.App.2009), this court determined that § 32-5A-191(o), which was added to the statute in a 2006 amendment, could not be applied to a June 24, 2004, offense. However, this court determined that Ex parte Holbert applied and barred the use of two of the prior convictions used to-enhance his sentence that had been municipal convictions. Johnston had been sentenced on September 12, 2007. Johnston v. State, 45 So.3d at 378.
“Similarly, in Moore v. State, 40 So.3d 750 (Ala.Crim.App.2009), this court de-' termined that prior municipal convictions had been improperly used to enhance Moore’s sentence because ‘[w]hile Moore’s conviction for felony DUI was pending on appeal, our Supreme Court released Ex parte Holbert, 4 So.3d 410 (Ala.2008).’ Moore v. State, 40 So.3d at 752.
“Moreover, the circuit court’s.holding that this issue was precluded because *624 Shirley did not appeal his conviction and sentence is incorrect because this is a jurisdictional matter.
“ ‘The implication of the Supreme Court’s decision in Holbert is jurisdictional in nature. In Holbert, the Supreme Court held that the trial court erred in including Holbert’s municipal convictions in the total number of convictions necessary to constitute a felony offense of DUI under § 32-5A-191(h). 4 So.3d at 416. In the instant case, the circuit court sentenced Moore based on the erroneous inclusion of the municipal DUI convictions. Thus, the sentence imposed by the circuit court exceeded the maximum authorized by law. ‘Matters concerning unauthorized sentences are jurisdictional.’ Hunt v. State, 659 So.2d 998, 999 (Ala.Crim.App.1994). It is well settled that jurisdictional matters are of such magnitude that appellate courts may take notice of them at any time and may do so even ex mero motu. Nunn v. Baker, 518 So.2d 711 (Ala.1987); State v. Crittenden, 17 So.3d 253 (Ala.Crim.App.2009); State v. Isbell, 955 So.2d 476 (Ala.Crim.App.2006). Therefore, this Court may take notice of an illegal sentence, even though Moore did not raise the issue in the circuit court or in his brief on appeal. See, e.g., McCall v. State, 794 So.2d 1243 (Ala.Crim.App.2000); Pen-der v. State, 740 So.2d 482 (Ala.Crim.App.1999).’
‘Moore v. State, 40 So.3d at 752-53.”
68 So.3d at 894-95.
In Shirley, this Court held that Shirley had been illegally sentenced for a Class C felony pursuant to § 32-5A-191(h), Ala.Code 1975, based on municipal convictions, and that the circuit court had erred in denying his petition for a- writ of habeas corpus. Here, because the trial court erred in applying Watson’s prior municipal convictions toward the total number of convictions necessary to constitute the felony offenses of DUI under § 32-5A-191(h), Watson was illegally sentenced for two Class C felonies pursuant to § 32-5A-191(h). Therefore, the circuit court erred in denying the relief requested by Watson in his Rule 32 petition. The judgment is due to be reversed and the case remanded.
REVERSED AND REMANDED.
WTNDOM, P.J., and KELLUM and BURKE, JJ., concur.
JOINER, J., concurs in the result, with opinion.