MOORE, Chief Justice
(dissenting).
Floyd Casey was convicted of murder made capital because the killing of Edward McCrory occurred during the commission of a burglary. See § 13A-5-40(a)(4), Ala. Code 1975. Casey was sentenced to life imprisonment without the possibility of parole. Based on telephone calls to and from Casey shown on McCrory’s cellular telephone in the time frame of the murder, a police investigator, pursuant to a warrant, searched Casey’s residence and found incriminating evidence. Two witnesses, including an accomplice, also testified against Casey.
Casey presents his petition for certiorari review under Rule 39(a)(1)(E), Ala. R.App. P., and asks this Court to overrule a controlling Alabama Supreme Court case followed in the decision of .the Court of Criminal Appeals. Specifically, he asks this court to overrule Davis v. State, 737 So.2d 480 (Ala.1999), and to return to the prior rule expressed in Ex parte Gentry, 689 So.2d 916 (1996). Both cases address the circumstances under which a murder is made capital because it occurred “during a burglary.” First-degree burglary requires, among other things, that the perpetrator “knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein.... ” § 13A-7-5(a), Ala.Code 1975 (emphasis added).
In Davis, which overruled Gentry, this Court held that “evidence of a struggle that gives rise to circumstantial evidence of revocation of a license or privilege can be used to show an unlawful remaining.” 737 So.2d at 483. Thus, “evidence of a struggle can supply the necessary evidence of an unlawful remaining.” 737 So.2d at 484. In Gentry, by contrast, the Court was concerned not to make every crime committed indoors automatically a burglary. The Court stated:
“There was no separate crime of burglary simply'because one could infer that she realized he was attacking her and therefore may or must have ‘revoked his privilege to remain.’ 'It was, therefore, error to instruct the jury that for purposes of determining whether the defendant had committed a burglary, ‘the fact that the victim had terminated the defendant’s license or privilege to be present in the victim’s apartment can be inferred from the circumstances that a struggle took place.’ This jury instruction had the effect of relieving the State of its burden of presenting a prima facie case of burglary.”
Genti’y, 689 So.2d at 921. Justice John-stone, commenting on this issue in another case, stated: ■
“I know from my service in the Alabama House of Representatives when that language originated that the legislature intended for this new alternative to reach only clandestine remaining — that is hiding inside the premises to await an opportune time to commit the intended crime. Ex parte Gentry, 689 So.2d 916 (Ala.1996), • respected this limitation. Davis v. State, 737 So.2d 480 (Ala.1999), in overruling Gentry and eliminating this limitation, exceeds the intent of the legislature and violates the rule that criminal statutes be strictly construed against the State. The Davis rule will allow burglary convictions of unruly guests in fact scenarios never contemplated by the legislature as burglaries. We should return to the faithful Gentry interpretation.”
Ex parte Freeman, 776 So.2d 203, 205-06 (Ala.2000) (Johnstone, J., concurring in part and dissenting in part).
This Court’s current interpretation is that if the murder victim struggles with her killer in her residence, a burglary has occurred, even if the killer entered the *771 residence with permission. This arguably strained interpretation of the burglary statute violates “the fundamental rule that criminal statutes are construed strictly against the State.” Ex parte Hyde, 778 So.2d 237, 239 n. 2 (Ala.2000). In my view, Gentry was properly decided and Justice Johnstone is correct in his analysis in Freeman. Rather than continuing to follow the Davis rule that evidence of a struggle satisfies the “remains unlawfully” element of burglary, I believe we should return to the Gentry rule that the burglary has to be proven as a separate crime from the murder.[1]
For the reasons stated, I dissent from the denial of Casey’s petition for a writ of certiorari.
MURDOCK, J., concurs.

. In response to Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the Alabama Legislature redefined the death penalty to apply only in certain aggravated circumstances. See Act No. 213, Ala. Acts 1975. Prior to Furman, the jury in its discretion determined whether the circumstances of a murder warranted the death penalty. The perceived need to stretch the aggravating factor of burglary to the breaking point reflects a desire, I believe, to allow for the death penalty in circumstances that do not clearly fit within that statutory aggravating factor.